# USA Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*                                    *973-645-2700*
*Newark, New Jersey 07102*                                *Fax: 973-645-2702*

March 17, 2020

**<u>VIA EMAIL</u>**
Rodney Villazor, Esq.
Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, New York 10019
rodney.villazor@smithvillazor.com

Benjamin J. A. Sauter, Esq.
Andrew Lourie, Esq.
Hartley M. K. West, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
benjamin.sauter@kobrekim.com
andrew.lourie@kobrekim.com
hartley.west@kobrekim.com

    Re: United States v. Matthew Brent Goettsche,
      <u>Crim. No. 19-877</u>

Dear Counsel:

   This letter outlines the Government's first significant round of discovery, which is being provided pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and the protective order entered in this matter, Dkt. #58, and consistent with the Court's Standing Discovery Order, and seeks reciprocal discovery.

   Yesterday, we requested that you provide us with a hard drive that includes capacity for 1 TB of data so we can load the discovery outlined below onto that hard drive. We are attempting to load these materials onto a drive that our Office has available in an effort to get these materials to you sooner rather than later. Please be mindful that,

given the current coronavirus pandemic, it may take longer than usual for us to load material onto the hard drive and return the data to you. If, in the interim, there are specific materials outlined below that you would like more immediate access to, please advise, and we will attempt to transmit via the web-based USAFx file-sharing site.

<u>Disclosure By the Government</u>

1.    I am enclosing copies of the following:

    a.    A copy of your client's criminal history report (USA_877_04001629).

    b.    A copy of the chat messages between your client and coconspirator Catalin Balaci while your client was utilizing accounts ███████████████ and ████████████████████ (USA_19877_00300000-00301249).

    c.    Records received from third parties in connection with this investigation (USA_19877_ 00000001-00226771).

    d.    Copies of the following orders and search warrant papers:

        i.    18-mj-3128 (Facebook SW): USA_877_04003151-USA_877_04003217;

        ii.    18-mj-3129 (Google SW): USA_877_04003218-USA_877_04003282;

        iii.    18-mj-6622 (Google 2703(d)): USA_877_04003283-USA_877_04003287;

        iv.    19-mj-3047 (Google SW): USA_877_04003288-USA_877_04003342;

        v.    19-mj-3111 (Facebook SW): USA_877_04003343-USA_877_04003412;

        vi.    19-mj-3112 (Google SW): USA_877_04003413-USA_877_04003484;

        vii.    19-mj-3113 (Apple SW): USA_877_04003485-

2

USA_877_04003556;

viii.   19-mj-3390 (WhatsApp PRTT): USA_877_04003557-USA_877_04003560;

ix.   19-mj-4403 (Facebook SW): USA_877_04003561-USA_877_04003615;

x.   19-mj-4404 (Google SW): USA_877_04003616-USA_877_04003670;

xi.   19-mj-5171 (Abel cell-site simulator): USA_877_04003671-USA_877_04003703;

xii.   19-mj-6893 (Rack 911 ECPA SW): USA_877_04003704-USA_877_04003741;

xiii.   19-mj-8285 (Google 2703(d)): USA_877_04003742-USA_877_04003745;

xiv.   19-mj-8286 (Facebook 2703(d)): USA_877_04003746-USA_877_04003749;

xv.   19-mj-8346 (T-Mobile PRTT): USA_877_04003750-USA_877_04003753;

xvi.   19-mj-8347 (Verizon PRTT): USA_877_04003754-USA_877_04003757;

xvii.   19-mj-8361 (Verizon PRTT): USA_877_04003758-USA_877_04003761;

xviii.   19-mj-8362 (T-Mobile PRTT): USA_877_04003762-USA_877_04003765;

xix.   19-mj-8363 (TW Telecom PRTT): USA_877_04003766-USA_877_04003769;

xx.   19-mj-8375 (Sprint PRTT): USA_877_04003770-USA_877_04003773;

xxi.   19-mj-8380 (AT&T PRTT): USA_877_04003774-USA_877_04003777;

xxii.    19-mj-8447 (WhatsApp PRTT): USA_877_04003778-
USA_877_04003781;

xxiii.   19-mj-8448 (Google PRTT): USA_877_04003782-
USA_877_04003785;

xxiv.    19-mj-8524 (Weeks Person SW): USA_877_04003786-
USA_877_04003903;

xxv.     19-mj-30007 (GPS SW Weeks): USA_877_04003904-
USA_877_04003939;

xxvi.    19-mj-30008 (GPS SW Goettsche):
USA_877_04003940- USA_877_04003975;

xxvii.   19-mj-30009 (GPS SW Medlin): USA_877_04003976-
USA_877_04004011;

xxviii.  19-mj-30010 (GPS SW Abel): USA_877_04004012-
USA_877_04004047;

xxix.    19-mj-30011 (GPS SW Mike Goettsche):
USA_877_04004048- USA_877_04004083;

xxx.     20-mj-8088 (Google PRTT): USA_877_04004084-
USA_877_04004087;

xxxi.    20-mj-8089 (WhatsApp PRTT): USA_877_04004088-
USA_877_04004091;

xxxii.   20-mj-9054 (Apple PRTT): USA_877_04004092-
USA_877_04004095;

xxxiii.  20-mj-12088 (Instagram PRTT): USA_877_04004096-
USA_877_04004099;

xxxiv.   Ex Parte Tax Orders: USA_877_04004100-
USA_877_04004104;

xxxv.    Premises SWs: USA_877_04004105-
USA_877_04004280; and

4

xxxvi. Tolling Orders: USA_877_04004281-
USA_877_04004286.

e.  Some of the records responsive to the email search warrants
described above, which we will continue to produce to you
on a rolling basis (USA_19877_00301250-00314211;
USA_19877_00600000-00701208; USA_19877_01000000-
01093912; USA_19877_01300000-01319249;
USA_19877_01600000-01692716; USA_877_02100000-
02129208; USA_19877_02400000-02657849;
USA_19877_03100000-03241709).

f.  Several audio recordings of an interview with Matthew Brent
Goettsche ("Goettsche") on December 10, 2019
(USA_19877_04004469-04004479).

g.  Reports and images memorializing Goettsche's arrest and
the search of ███████████████ Lafayette, Colorado
80026 (USA_19877_04004457-04004468;
USA_19877_04004480-04004650; USA_19877_04006465-
04006797; USA_19877_04004434-04004456.

h.  Video files memorializing the search of ███████████
Lafayette, Colorado 80026 (USA_19877_04006848-
04006853).

i.  Several investigative reports prepared in connection with this
case (USA_877_04004287-04004433).

j.  Recordings of an interview with Jobadiah Sinclair Weeks
("Weeks") on December 10, 2019 (USA_19877_04004866-
04004867; USA_19877_04004785-04004789.

k.  Notes of an interview with Weeks on April 19, 2019
(USA_19877_04006418-04006433).

l.  Images of text messages and reports memorializing
communications between Weeks and law enforcement during
the covert portion of this investigation
(USA_19877_04006441-04006464).

m.  Recorded interview of Joseph F. Abel ("Abel") on December
10, 2019 (USA_19877_04004651-04004676).

5

n.      Online videos involving the BitClub Network, along with
        screenshots and draft transcripts of the same
        (USA_877_04000627-04001620).   Please be advised that
        these draft transcripts are covered by the stipulation
        regarding draft transcripts executed on March 11, 2020.

o.      Several screenshots of the BitClub Network website, back
        office, and investor updates collected during the pendency of
        this investigation (USA_877_04001762-04003095).

p.      Certain screenshots taken related to Weeks' travel
        (USA_877_04003096-04003143).

q.      Materials related to jail calls of defendant Weeks
        (USA_877_04003144-04003150).

a.      Reports and images memorializing the arrest of Weeks
        (USA_19877_04004677-04004718; USA_19877_04004719-
        04004729; USA_19877_04004790-04004807;
        USA_19877_04004810-04004815; USA_19877_04004868-
        04004871; USA_19877_04004816; USA_19877_04006798-
        04006847.

b.      Reports and images memorializing the search of ██████████
        74th Way, Arvada, CO (USA_19877_04004730;
        USA_19877_04004733-04004784).

c.      Video files memorializing the search of ██████████ 74th Way,
        Arvada, CO (USA_19877_04004731-04004732).

d.      Excerpts of certain Facebook message communications
        involving defendant Goettsche, Weeks, and their
        coconspirators (USA_19877_02700000-02700044).
        Additional Facebook materials will be included in future
        productions.

There are several other communications involving your client that
were collected as a result of the search warrants in this case, primarily
involving data from your client's iCloud account(s).   There are also audio and
video files from the email search warrant returns and Facebook search warrant
returns that are not a part of this initial production but will be included in
future productions.

6

We will produce materials contemplated by Federal Rule of Criminal Procedure 16(a)(1)(F) and (G) on a later date consistent with a future scheduling order in this case.

2.    In addition, the electronic devices and items that were seized from your client's residence, as outlined in the previously produced inventory, are available for inspection.   Please let me know if you wish to inspect these items, and I will make the necessary arrangements.

3.    As outlined above, the Government is producing to you draft transcripts of recordings for the convenience of the defendant and defense counsel because we have received from you the stipulation regarding draft transcripts.   Please contact me after reviewing the transcripts if you have any corrections or changes to suggest.   I also invite you to meet prior to trial to resolve any differences pertaining to the transcripts.   If possible, stipulated transcripts can then be submitted to the jury.

4.    By its March 5, 2020 letters to counsel for Goettsche and Weeks, the Government produced a copy of the BitClub Network account content obtained by the Government pursuant to search warrant from ███████. This content was assigned Bates number USA_19877_3400000.

5.    The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.   To date, the Government is unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light.   The Government will provide potential impeachment material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

### Expert Disclosure

In an abundance of caution, the Government hereby provides notice that, at trial, the Government may introduce certain testimony that may or may not constitute expert testimony pursuant to Federal Rule of Evidence 702 regarding:

1.    General concepts involving virtual currency, cryptocurrency, and blockchain technology;

2.    The mechanics and accounting of virtual currency mining;

3. The exchange and tracing of funds in transactions involving fiat and virtual currencies, including know-your-customer ("KYC") and anti-money laundering ("AML") concepts;

4. Webhosting technology, server technology, website design, computer coding, and related concepts;

5. Securities and other investment concepts and requirements for the promotion and sale of securities;

6. Multi-level marketing businesses;

7. The translation of various languages; and

8. The extraction and analysis of electronic data from cellular telephones, computer hard drives, and other electronic storage media.

If the Government opts to introduce such expert testimony, we will provide curricula vitae and expert reports and summaries in advance of trial, as they become available.

<u>Disclosure by the Defendant</u>

The Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b).   Specifically, we request that you allow inspection and copying of:   (1) any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in the defendant's possession, custody, or control and which the defendant intends to use in the defendant's case-in-chief at trial; and (2) any results or reports of any physical or mental examination and of any scientific test or experiment that is in the defendant's possession or control and which the defendant intends to use in the defendant's case-in-chief at trial or which was prepared by a witness whom the defendant intends to call at trial.   We further request that you disclose a written summary of testimony you intend to use under Fed. R. Evid. 702, 703 and 705 as evidence at trial.   This summary should describe the opinions of the witness, the bases and reasons therefore, and the witness's qualifications.

Pursuant to Fed. R. Crim. P. 26.2, the Government also requests that the defendant disclose prior statements of witnesses the defendant will call to testify.   We request that such material be provided on the same basis upon which we agree to supply the defendant with Section 3500 material relating to

8

Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2(a) & (b) requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

The Government requests further that you let us know if your client intends to rely on the advice of counsel defense so as not to further delay proceedings.

Additionally, the Government requests further that you produce immediately all materials you have provided to Pretrial Services in connection with your client's request for bail in this case, including valuations regarding your client's properties and materials you used to determine your client's net worth.

<u>Sentence Reduction for Acceptance of Responsibility</u>

This Office will not move for the additional one-point reduction under the Sentencing Guidelines available for defendants who plead guilty prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty before the filing of pre-trial motions.

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

CRAIG CARPENITO
United States Attorney

*s/ Jamie L. Hoxie*
By:   Jamie L. Hoxie
Assistant U.S. Attorney

cc:   AUSA David W. Feder
      AUSA Anthony P. Torntore
      AUSA Cari Fais
      Mallorie Thomas, USAO DNJ



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, 7ᵗʰ floor                                            973-645-2700
Newark, New Jersey 07102                                      Fax: 973-645-2702

March 17, 2020

**<u>VIA EMAIL</u>**
Simon A. Gaugush, Esq.
Michael L. Yaeger, Esq.
Adam P. Schwartz, Esq.
Andrew M. Hinkes, Esq.
Carlton Fields
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, Florida 33607-5780

Re:   United States v. Jobadiah Sinclair Weeks,
      <u>Crim. No. 19-877</u>

Dear Counsel:

This letter (1) outlines the Government's first significant round of discovery, which is being provided pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and the protective order entered in this matter, Dkt. #58, and consistent with the Court's Standing Discovery Order; (2) seeks reciprocal discovery; and (3) responds to your 10-page discovery letter dated January 15, 2020 (the "Weeks Discovery Letter").

Yesterday, we requested that you provide us with a hard drive that includes capacity for 1 TB of data so we can load the discovery outlined below onto that hard drive.   We are attempting to load these materials onto a drive that our Office has available in an effort to get these materials to you sooner rather than later.   Please be mindful that, given the current coronavirus pandemic, it may take longer than usual for us to load material onto the hard drive and return the data to you.

-1-

If, in the interim, there are specific materials outlined below that you would like more immediate access to, please advise, and we will attempt to transmit via the web-based USAFx file-sharing site.

<u>Disclosure By the Government</u>

1.     I am enclosing copies of the following:

   a.     A copy of your client's criminal history report (USA_877_04001641-04001646).

   b.     A copy of the chat messages between Matthew Brent Goettsche and Catalin Balaci (USA_19877_00300000-00301249).

   c.     Records received from third parties in connection with this investigation (USA_19877_ 00000001-00226771).

   d.     Copies of the following orders and search warrant papers:

      i.     18-mj-3128 (Facebook SW): USA_877_04003151-USA_877_04003217;

      ii.     18-mj-3129 (Google SW): USA_877_04003218-USA_877_04003282;

      iii.     18-mj-6622 (Google 2703(d)): USA_877_04003283-USA_877_04003287;

      iv.     19-mj-3047 (Google SW): USA_877_04003288-USA_877_04003342;

      v.     19-mj-3111 (Facebook SW): USA_877_04003343-USA_877_04003412;

      vi.     19-mj-3112 (Google SW): USA_877_04003413-USA_877_04003484;

      vii.     19-mj-3113 (Apple SW): USA_877_04003485-USA_877_04003556;

      viii.     19-mj-3390 (WhatsApp PRTT): USA_877_04003557-

-2-

USA_877_04003560;

ix.     19-mj-4403 (Facebook SW): USA_877_04003561-
        USA_877_04003615;

x.      19-mj-4404 (Google SW): USA_877_04003616-
        USA_877_04003670;

xi.     19-mj-5171 (Abel cell-site simulator):
        USA_877_04003671-USA_877_04003703;

xii.    19-mj-6893 (Rack 911 ECPA SW):
        USA_877_04003704-USA_877_04003741;

xiii.   19-mj-8285 (Google 2703(d)): USA_877_04003742-
        USA_877_04003745;

xiv.    19-mj-8286 (Facebook 2703(d)): USA_877_04003746-
        USA_877_04003749;

xv.     19-mj-8346 (T-Mobile PRTT): USA_877_04003750-
        USA_877_04003753;

xvi.    19-mj-8347 (Verizon PRTT): USA_877_04003754-
        USA_877_04003757;

xvii.   19-mj-8361 (Verizon PRTT): USA_877_04003758-
        USA_877_04003761;

xviii.  19-mj-8362 (T-Mobile PRTT): USA_877_04003762-
        USA_877_04003765;

xix.    19-mj-8363 (TW Telecom PRTT): USA_877_04003766-
        USA_877_04003769;

xx.     19-mj-8375 (Sprint PRTT): USA_877_04003770-
        USA_877_04003773;

xxi.    19-mj-8380 (AT&T PRTT): USA_877_04003774-
        USA_877_04003777;

xxii.   19-mj-8447 (WhatsApp PRTT): USA_877_04003778-

USA_877_04003781;

xxiii. 19-mj-8448 (Google PRTT): USA_877_04003782-
USA_877_04003785;

xxiv. 19-mj-8524 (Weeks Person SW): USA_877_04003786-
USA_877_04003903;

xxv. 19-mj-30007 (GPS SW Weeks): USA_877_04003904-
USA_877_04003939;

xxvi. 19-mj-30008 (GPS SW Goettsche):
USA_877_04003940- USA_877_04003975;

xxvii. 19-mj-30009 (GPS SW Medlin): USA_877_04003976-
USA_877_04004011;

xxviii. 19-mj-30010 (GPS SW Abel): USA_877_04004012-
USA_877_04004047;

xxix. 19-mj-30011 (GPS SW Mike Goettsche):
USA_877_04004048- USA_877_04004083;

xxx. 20-mj-8088 (Google PRTT): USA_877_04004084-
USA_877_04004087;

xxxi. 20-mj-8089 (WhatsApp PRTT): USA_877_04004088-
USA_877_04004091;

xxxii. 20-mj-9054 (Apple PRTT): USA_877_04004092-
USA_877_04004095;

xxxiii. 20-mj-12088 (Instagram PRTT): USA_877_04004096-
USA_877_04004099;

xxxiv. Ex Parte Tax Orders: USA_877_04004100-
USA_877_04004104;

xxxv. Premises SWs: USA_877_04004105-
USA_877_04004280; and

xxxvi. Tolling Orders: USA_877_04004281-

-4-

USA_877_04004286.

e.  Some of the records responsive to the email search warrants described above, which we will continue to produce to you on a rolling basis (USA_19877_00301250-00314211; USA_19877_00600000-00701208; USA_19877_01000000-01093912; USA_19877_01300000-01319249; USA_19877_01600000-01692716; USA_877_02100000-02129208; USA_19877_02400000-02657849; USA_19877_03100000-03241709).

f.  Several audio recordings of an interview with Matthew Brent Goettsche ("Goettsche") on December 10, 2019 (USA_19877_04004469-04004479).

g.  Reports and images memorializing Goettsche's arrest and the search of ███████████████Lafayette, Colorado 80026 (USA_19877_04004457-04004468; USA_19877_04004480-04004650; USA_19877_04006465-04006797; USA_19877_04004434-04004456).

h.  Video files memorializing the search of ███████████████ Lafayette, Colorado 80026 (USA_19877_04006848-04006853).

i.  Several investigative reports prepared in connection with this case (USA_877_04004287-04004433).

j.  Recordings of an interview with Jobadiah Sinclair Weeks ("Weeks") on December 10, 2019 (USA_19877_04004866-04004867; USA_19877_04004785-04004789.

k.  Notes of an interview with Weeks on April 19, 2019 (USA_19877_04006418-04006433).

l.  Images of text messages and reports memorializing communications between Weeks and law enforcement during the covert portion of this investigation (USA_19877_04006441-04006464).

m.  Recorded interview of Joseph F. Abel ("Abel") on December 10, 2019 (USA_19877_04004651-04004676).

n.   Online videos involving the BitClub Network, along with screenshots of the same (USA_877_04001534-04001620; USA_877_04001247- 04001284; USA_877_04001364-04001367; USA_877_04001368-04001388; USA_877_04001389-04001396; USA_877_04001397-04001402; USA_877_04001403-04001420; USA_877_04001445-04001468-040015168; USA_877_04001517-04001518-04001533).

o.   Several screenshots of the BitClub Network website, back office, and investor updates collected during the pendency of this investigation (USA_877_04001762-04003095).

p.   Certain screenshots taken related to Weeks' travel (USA_877_04003096-04003143).

q.   Materials related to jail calls of defendant Weeks (USA_877_04003144-04003150).

r.   Reports and images memorializing the arrest of Weeks (USA_19877_04004677-04004718; USA_19877_04004719-04004729; USA_19877_04004790-04004807; USA_19877_04004810-04004815; USA_19877_04004868-04004871; USA_19877_04004816; USA_19877_04006798-04006847).

s.   Reports and images memorializing the search of ███████ 74th Way, Arvada, CO (USA_19877_04004730; USA_19877_04004733-04004784).

t.   Video files memorializing the search of ████████ 74th Way, Arvada, CO (USA_19877_04004731-04004732).

u.   Excerpts of certain Facebook message communications involving defendant Goettsche, Weeks, and their coconspirators (USA_19877_02700000-02700044). Additional Facebook materials will be included in future productions.

v.   Excerpts of certain Facebook message communications involving defendant Goettsche, Weeks, and their

-6-

coconspirators (USA_19877_02700000-02700044).
Additional Facebook materials will be included in future
productions.

w.  

     There are several other communications involving your client that
were collected as a result of the search warrants in this case, primarily
involving data from your client's iCloud account(s).   There are also audio and
video files from the email search warrant returns and Facebook search warrant
returns that are not a part of this initial production but will be included future
productions.

     We will produce materials contemplated by Federal Rule of
Criminal Procedure 16(a)(1)(F) and (G) on a later date consistent with a future
scheduling order in this case.

2.    In addition, the electronic devices and items that were seized from
     the Arvada residence are available for inspection.   Please let me
     know if you wish to inspect these items, and I will make the
     necessary arrangements.

3.    The Government will provide draft transcripts of the online videos for the
     convenience of the defendant and defense counsel upon receipt by the
     Government of the stipulation sent to you on March 9, 2020, signed by
     the defendant and defense counsel, agreeing not to use the draft
     transcripts at trial.   Please contact me after reviewing the transcripts if
     you have any corrections or changes to suggest.   I also invite you to
     meet prior to trial to resolve any differences pertaining to the transcripts.
     If possible, stipulated transcripts can then be submitted to the jury.
     Additional draft transcripts will be forwarded to you as they are
     completed, pursuant to the terms of the stipulation.

4.    The Government recognizes its obligations under *Brady v. Maryland*, 373
     U.S. 83 (1963), and its progeny.   To date, the Government is unaware of
     any *Brady* material regarding your client, but will provide timely

disclosure if any such material comes to light.   The Government will provide potential impeachment material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

Expert Disclosure

In an abundance of caution, the Government hereby provides notice that, at trial, the Government may introduce certain testimony that may or may not constitute expert testimony pursuant to Federal Rule of Evidence 702 regarding:

1.   General concepts involving virtual currency, cryptocurrency, and blockchain technology;

2.   The mechanics and accounting of virtual currency mining;

3.   The exchange and tracing of funds in transactions involving fiat and virtual currencies, including know-your-customer ("KYC") and anti-money laundering ("AML") concepts;

4.   Webhosting technology, server technology, website design, computer coding, and related concepts;

5.   Securities and other investment concepts and requirements for the promotion and sale of securities;

6.   Multi-level marketing businesses;

7.   The translation of various languages; and

8.   The extraction and analysis of electronic data from cellular telephones, computer hard drives, and other electronic storage media.

If the Government opts to introduce such expert testimony, we will provide curricula vitae and expert reports and summaries in advance of trial, as they become available.

## Disclosure by the Defendant

The Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b).   Specifically, we request that you allow inspection and copying of:   (1) any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in the defendant's possession, custody, or control and which the defendant intends to use in the defendant's case-in-chief at trial; and (2) any results or reports of any physical or mental examination and of any scientific test or experiment that is in the defendant's possession or control and which the defendant intends to use in the defendant's case-in-chief at trial or which was prepared by a witness whom the defendant intends to call at trial.   We further request that you disclose a written summary of testimony you intend to use under Fed. R. Evid. 702, 703 and 705 as evidence at trial.   This summary should describe the opinions of the witness, the bases and reasons therefore, and the witness's qualifications.

Pursuant to Fed. R. Crim. P. 26.2, the Government also requests that the defendant disclose prior statements of witnesses the defendant will call to testify.   We request that such material be provided on the same basis upon which we agree to supply the defendant with Section 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2(a) & (b) requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime, and must file a copy of that notice with the clerk of the Court.   The notice must be filed under seal if the notice identifies a federal intelligence agency as the source of public authority.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of pre-trial motions.

The Government requests further that you let us know if your client intends to rely on the advice of counsel defense so as not to further delay proceedings.

<u>Sentence Reduction for Acceptance of Responsibility</u>

This Office will not move for the additional one-point reduction under the Sentencing Guidelines available for defendants who plead guilty prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty before the filing of pre-trial motions.

<u>Response to Weeks Letter</u>

In response to the Weeks Letter, as a blanket matter, the Government objects to and rejects your definitions as it does any request that is beyond the scope of our obligations under the Federal Rules of Criminal Procedure, including but not limited to your definition of "Government" and "you," which do not accurately describe the prosecution team in this case.   If there is something specific you would like us to consider, please advise.

*Responses to Your Specific Requests*

Your requests are reiterated in italics below, with the Government's response following each request.

*1.1. Any written or recorded statement or admission made by Mr. Weeks to the Government, or within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government. See Fed. R. Crim. P. 16(a)(1)(B)(i). This request includes, without limitation:*

*1.1.1. Any interview memorandum summarizing any interview of Mr. Weeks by law enforcement, including all drafts of such memorandum;*

The Government is producing to you, as outlined above:   (1) two sets of notes of Weeks' interview with law enforcement on April 19, 2019 (USA_19877_04006418-04006433); (2) a memorandum of Weeks' interview with law enforcement on December 10, 2019 (USA_19877_04004724-04004727); and (3) copies of memoranda and screenshots memorializing communications that took place between Weeks and Special Agent Amjad Qaqish (USA_19877_04006441-04006464).   We are not providing you with any

-10-

further drafts at this time.

*1.1.2. All transcripts and/or recordings of conversations in which Mr. Weeks was a participant, including any transcripts or recordings made while Mr. Weeks was incarcerated in any jail or detention facility;*

The Government is producing to you an audio and video recording of Weeks' interview with law enforcement on December 10, 2019 (USA_19877_04004866-04004867; USA_19877_04004785-04004789).   The interview conducted by law enforcement on April 19, 2019 was not audio recorded.

The Government is producing to you several videos of Weeks promoting the BitClub Network, which are contained in the YouTube videos described above (USA_877_04000627-04001620).

On March 9, 2020, the Government sent you a proposed stipulation regarding draft transcripts.   The Government is willing to provide you with several draft transcripts of recordings of your client if you and your client sign and return that stipulation.

The Government is also producing to you a jail call involving your client (USA_19877_04003144).

*1.1.3. All wire and oral communications made by Mr. Weeks that were transmitted to or intercepted by, for or on behalf of any Government agent, employee, agency or entity;*

The Government is producing to you copies of text messages that your client exchanged with a Government agent in furtherance of the offense conduct (USA_19877_04006441-04006464).

In addition, please also see the above description of a recording we have of your client that we do not intend to rely upon in our case-in-chief at trial.

*1.1.4. All written or recorded statements of witnesses that reflect, relate, or incorporate any statements made by Mr. Weeks; and*

This request is beyond the scope of the Government's discovery obligations.   We note, however, that, in excess of our Rule 16 obligations and well in advance of the time for the production of Jencks material, the Government is producing some notes of law enforcement agents pertaining to a

-11-

meeting with Weeks on (USA_19877_04006418-04006433).

*1.1.5. All other documents that purport to reflect, relate, or incorporate any statements made by Mr. Weeks.*

This request is beyond the scope of the Government's discovery obligations.

*1.2. The portion of any written record containing the substance of any oral statement made by Mr. Weeks in response to interrogation by any person then known to the defendant to be a Government agent. See Fed. R. Crim. P. 16(a)(1)(B)(ii). This request includes without limitation, all documents, including notes, prepared by any FBI or IRS employee or agent or other Government investigator that contain the substance of any relevant statement made by Mr. Weeks.*

Please see the above in response to your 1.1 series requests.   If you are seeking something other than this, please advise.

*1.3. The substance of any other oral statement made by Mr. Weeks in response to interrogation by any person then known by Mr. Weeks to be a Government agent, if the prosecution intends to use that statement at trial. See Fed. R. Crim. P. 16(a)(1)(A).*

Please see the above in response to your 1.1 series requests.   If you are seeking something other than this, please advise.

*2.1. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that were obtained from or belong to Mr. Weeks, or that belonged to Mr. Weeks at the time of the alleged offenses, or that belong or belonged to any agent of Mr. Weeks or any entity allegedly owned or controlled by Mr. Weeks. See Fed. R. Crim. P. 16(a)(1)(E)(iii). This request includes all documents as to which the Government assigned Mr. Weeks as a custodian, whether hard copy or electronic records.*

This request exceeds the Government's discovery obligations.   The Government is producing material to you on a rolling basis that is contemplated by Fed. R. Crim. P. 16(a)(1)(E)(iii).

*2.2. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that the Government intends to use at trial in its case-in-chief. See Fed. R. Crim. P. 16(a)(1)(E)(ii).*

-12-

The Government is providing this to you on a rolling basis.

*2.3. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are material to the preparation of Mr. Weeks's defense, see Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs 2.4 to 2.8 below.*

The Government will abide by its obligations under Fed. R. Crim. P. 16(a)(l)(E)(i).   If you believe that we have, but are not producing, items that are material to your defense, please let us know as soon as possible with specificity so we can evaluate whether your request is covered by this provision.

*2.4. All documents concerning the transactions, both legal and allegedly illegal, referenced in the indictment in the above-captioned case (the "Indictment").*

The Government is providing you evidence of illegal transactions referenced in the Indictment on a rolling basis.

*2.5. All documents relating to Mr. Weeks or the conduct alleged in the Indictment that were introduced as exhibits before the grand jury. We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and Brady requests.*

The Government is not identifying for you specific material that was presented to the Grand Jury.

*2.6. All documents relating to Mr. Weeks or the conduct alleged in the indictment that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.*

The Government is not identifying for you specific material that was presented to the Grand Jury but will comply with Rule 16.

*2.7. All documents relating to Mr. Weeks or the conduct alleged in the Indictment obtained from any witness who testified before the grand jury, or who was interviewed or consulted during the course of the grand jury investigation.*

The Government will comply with its Jencks obligations consistent with any scheduling order in this case.

*2.8. All documents relating to Mr. Weeks or the conduct alleged in the indictment*

*obtained from any federal, state or local Governmental, regulatory or legislative body or agency.*

This request is beyond the scope of the Government's discovery obligations.

*2.9. All documents relating to press releases or press conferences concerning Mr. Weeks and all other documents relating to any contacts between the Government and representatives of the media concerning Mr. Weeks.*

This request is beyond the scope of the Government's discovery obligations.

*2.10. All documents relating to the reputation of Mr. Weeks, including, without limitation, any documents relating to Mr. Weeks's reputation for honesty, integrity, or competence.*

This request is beyond the scope of the Government's discovery obligations.

*2.11. All documents relating to any interviews, reports, analyses, or other documents provided by the Department of Justice, the FBI, the IRS or any other federal agency to any federal, state or local government or regulatory body or agency, or by any such body or agency to your office, the Department of Justice, the FBI, the IRS or any other federal agency in connection with the investigation and prosecution of Mr. Weeks.*

This request is beyond the scope of the Government's discovery obligations and the Government specifically objects to this request to the extent it seeks privileged material and/or material specifically excluded by Rule 16. The Government will comply with its Jencks obligations consistent with any scheduling order in this case.

*3.1. All documents relating to Mr. Weeks or the conduct alleged in the indictment that were obtained by any search or seizure pursuant to a search warrant or otherwise, see Fed. R. Crim. P. 16(a)(l)(E)(i), including, but not limited to, those items set forth in paragraphs 3.2 to 3.4 below.*

We are providing you discoverable materials obtained pursuant to search warrants on a rolling basis.

*3.2. All FBI 302s, IRS investigative reports, MOIs, or ROIs from any other*

-14-

*agency prepared before or relied upon in connection with the affidavits of law enforcement agents underlying search warrants issued in this investigation.*

This request is beyond the scope of the Government's discovery obligations.

*3.3. All affidavits of law enforcement agents underlying search warrants issued in this investigation.*

This initial production includes all affidavits presented in connection with search warrants obtained in this investigation.

*3.3.1. All search warrants issued in this investigation, and all items attached to any search warrant issued in this investigation (e.g., Attachments A and B, and any exhibits).*

This is included in this initial production.

*We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's other Rule 16 and Brady requests, both to enable counsel to prepare effectively for trial and to afford Mr. Weeks an opportunity to move to suppress any evidence the prosecution intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(3) and 12(b)(4).*

This request is beyond the scope of the Government's obligations.

*4.1. Any and all persons that the Government views as unindicted co-conspirators in the above-captioned case.*

This is beyond the scope of the Government's discovery obligations.

*4.2. All documents necessary to identify the message referred to in Count One, paragraph 4.g.xi of the Indictment and the email referred to in Count One, paragraph 4.g.xii of the Indictment.*

Please review the initial production and advise if you are unable to identify these items.

*5. Mr. Weeks requests that you identify any person or entity that has asserted any attorney-client privilege, work product privilege, common interest privilege, or any other privilege as the basis for withholding or not producing, in whole or in*

-15-

*part, any documents to the Government or the grand jury during the investigation. Mr. Weeks further requests that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges.*

This is beyond the scope of the Government's discovery obligations.

*6. Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Mr. Weeks requests copies of his prior criminal record, if any.*

The Government is producing a copy of Weeks' criminal history report (USA_877_04001641-04001646).

*7. Pursuant to the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure, Mr. Weeks requests that the Government provide a list of the names and addresses of all witnesses that the Government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the Government or any other Government entity, including, but not limited to, notes of interviews, FBI 302s, IRS investigative reports, MOIs, ROIs, or other summaries prepared by Government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the Government begin providing this material as soon as possible, or in any event no later than fifty (50) days prior to the start of trial.*

This is beyond the scope of the Government's discovery obligations.   The Government will comply with its Jencks obligations consistent with any scheduling order in this case.

*8.   Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Mr. Weeks requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the indictment. This includes, but is not limited to:*

*8.1. All forensic examinations of any computer hard drive or handheld mobile device that Mr. Weeks possessed or to which Mr. Weeks had access;*

*8.2. All handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;*

*8.3. All fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in*

-16-

*connection with, or that relate to, those opinions;*

*8.4. All cell-site triangulation or other location analyses relating to Mr. Weeks; and*

*8.5. All polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures employed to determine whether a person is telling the truth, or to refresh a witness's memory, and all documents that refer or relate to such examinations.*

The Government will produce this later on in discovery consistent with any scheduling order in this case.

*9.   Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b) of the Federal Rules of Evidence, Mr. Weeks requests that the Government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by Mr. Weeks (or any person alleged to have been acting pursuant to his instructions), upon which the Government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.*

The Government will comply with Rules 403 and 404(b) of the Federal Rules of Evidence prior to trial.

*10.   As a predicate to potential motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Mr. Weeks requests that he be provided with and informed of the evidence, discoverable under Rule 16, that the Government intends to use in its evidence-in-chief at trial, and that such evidence be not only produced but specifically identified. Mr. Weeks's request includes, but is not limited to, a request that he be informed:*

*10.1. Whether the Government intends to use in its evidence-in-chief at trial any statement made by Mr. Weeks or any family member;*

The Government will provide Weeks with notice of this prior to trial.   If there is a specific statement that your client is concerned about, please advise.

*10.2. Whether it intends to offer in its case-in-chief, as a statement by the defendant:*

*10.2.1. Any statement as to which the defendant allegedly manifested his adoption or belief in its truth. See Fed. R. Evid. 801(d)(2)(B);*

-17-

*10.2.2. Any statement made by another which was purportedly authorized by the defendant. See Fed. R. Evid. 801(d)(2)(C);*

*10.2.3. Any statement made by an agent or servant of the defendant concerning a matter within the scope of his agency or employment made during the existence of such a relationship. See Fed. R. Evid. 801(d)(2)(D);*

*10.2.4. Any statement made by an alleged co-conspirator of the defendant during the course and in furtherance of any alleged conspiracy. See Fed. R. Evid. 801(d)(2)(E);*

These requests are beyond the scope of the Government's discovery obligations.   The Government reserves its right to introduce evidence that is admissible under the Federal Rules of Evidence.

*10.3. Whether any evidence in the Government's possession, custody, or control was obtained by a search and seizure conducted by the Government, and a description of such evidence;*

We are producing this to you on a rolling basis.   If you have questions as to how the Government obtained a particular piece of evidence, advise.

*10.4. Whether any evidence in the Government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation, wiretaps, body wires, pen registers, and/or surveillance of telephone calls, and a description of such evidence;*

We are producing to you on a rolling basis material received from pen registers.

*10.5. Whether any evidence in the Government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;*

Any such evidence, or similar evidence, if responsive, will be produce in accordance with the Government's Rule 16 obligations.

*10.6. In connection with any tape recording, wiretaps, or other surveillance of the defendant during the investigation of the allegations of the indictment or any related allegations:*

*10.6.1. The names and addresses of all such persons whose personal or business telephones the Government tapped or monitored, or whose conversations or actions the Government monitored by other means without the person's knowledge;*

*10.6.2. Transcripts, including drafts and final versions, or other records of the statements or conversations monitored;*

*10.6.3. The original recorded tapes created during such surveillance;*

*10.6.4. The procedures used to conduct such surveillance; and*

*10.6.5. The authority under which such surveillance was conducted.*

This is beyond the scope of the Government's discovery obligations.

*10.7. Whether any evidence in the Government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence; and*

Mail and trash covers were not conducted as a part of this investigation.

*10.8. The identities of any informant or undercover agent employed by the Government during its investigation of the charges of the Indictment.*

This information is beyond the scope of the Government's discovery obligations.

*11.   Pursuant to Fed. R. Evid. 1006, Mr. Weeks requests that he be advised whether the Government will seek to offer any chart, summary, or calculation in evidence and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying. Mr. Weeks also specifically requests that he be provided with copies of any charts used by the Government at any press conference regarding this case.*

This request is beyond the scope of the Government's discovery obligations.

*12.   Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs,*

*427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), Kyles v. Whitney, 514 U.S. 419 (1995), and New Jersey Rule of Professional Conduct 3.8, Mr. Weeks requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense or that would tend to exculpate Mr. Weeks with respect to the charges in the Indictment, that would tend to impeach the witnesses against Mr. Weeks, or that are relevant to the issue of sentencing, including but not limited to the following:*

*12.1. Any document or information indicating or tending to establish that any of the allegations in the Indictment are not true.*

*12.2. Any document or information indicating or tending to establish that any meeting, conversation, use of words, or practice that is addressed in, the subject of, or related to the Indictment did not violate government laws, regulations, standards or established business practices.*

*12.3. Any documents or information indicating or tending to establish that the defendant did not instigate, control, authorize, approve, or acquiesce in the practices that are addressed in, the subjects of, or related to the Indictment.*

*12.4. Any document or information indicating or tending to establish that:*

*12.4.1. Mr. Weeks engaged in any conduct that forms the basis of the Indictment in reliance upon advice provided by counsel or accountants; and*

*12.4.2. Mr. Weeks engaged in any conduct that forms the basis of the Indictment with the good faith belief that his conduct did not constitute a crime.*

*12.5. Any document or information that may be used to impeach any potential Government witness, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:*

*12.5.1. Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential Government witness;*

*12.5.2. Any document or information relating to promises, consideration, or inducements made to any potential Government witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, business associates, or other culpable or at risk third-party. "Consideration" means anything of value or use, including immunity grants, whether formal or informal,*

-20-

witness fees, transportation or relocation assistance, money, dropped or reduced charges or suggestions of favorable treatment with respect to any federal, state or local criminal, civil, or administrative matter, expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, or stays of deportation or other immigration status considerations;

12.5.3. The cooperation agreement(s), proffer agreement(s), and/or other agreements between the Government and any person who has provided, or is expected to provide, information that is the subject of or related to the above-captioned case, and/or such person's counsel, and documents constituting or reflecting communications between the Government and/or such person's counsel;

12.5.4. Any document or information tending to show the bias of a potential government witness, including animosity toward Mr. Weeks, animosity toward a group of which Mr. Weeks is a member or with which Mr. Weeks is affiliated, a relationship with the alleged victim, or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

12.5.5. Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance abuse, mental health issues or other issues that could affect the witness's ability to perceive and recall events;

12.5.6. Any document or information relating to inconsistencies in statements given by any potential government witness;

12.5.7. Any document or information relating to inconsistencies between agents' and/or prosecutors' rough notes and FBI 302s or other memoranda of interviews of any potential government witness;

12.5.8. Any document or information bearing adversely on the character or reputation for truthfulness of any potential government witness; and

12.5.9. Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful.

12.5.10. The date of and participants in each and every interview (including not only interviews conducted by the Department of Justice, but also interviews conducted by third parties), debriefing, "queen for a day" session, proffer, deposition, or other statement or description of the alleged facts made by each

-21-

*potential Government witness related to the above-referenced case (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Mr. Weeks engaged in any allegedly unlawful conduct or any conduct alleged in the Indictment.*

The Government objects to the above as beyond the scope of its discovery obligations.   The Government is aware of its discovery obligations, including those obligations under *Brady* and *Giglio*, and will abide by those obligations.

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

CRAIG CARPENITO
United States Attorney


*s/ Jamie L. Hoxie*
By:   Jamie L. Hoxie
Assistant U.S. Attorney

cc:    AUSA David W. Feder
       AUSA Anthony P. Torntore
       AUSA Cari Fais
       Mallorie Thomas, USAO DNJ

-22-