# SMITH | VILLAZOR

Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
www.smithvillazor.com

**RODNEY VILLAZOR**
T 212 582 4400
D 212 377 0852
rodney.villazor@smithvillazor.com

March 27, 2020

**VIA ECF and E-MAIL**
Honorable Michael A. Hammer
United States District Court for District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *United States v. Matthew Goettsche, et al.*, 19-CR-877 (CCC)
                 **Supplement Brief in Support of Emergency Motion for Release (Dkt. 65)**

Dear Judge Hammer:

      Pursuant to the Court's oral order on March 24, 2020, please accept this supplemental letter brief summarizing developments concerning (1) COVID-19 at the Essex County Correctional Facility (ECCF) and (2) recent cases addressing emergency relief under 18 U.S.C. § 3142(i).[1] As discussed *infra,* Mr. Goettsche's request for temporary release under 3142(i) is just and appropriate under his specific circumstances.

      **I.**       **Recent Developments at ECCF**

      On Tuesday, March 24, 2020, a superior officer at ECCF tested positive for COVID-19.[2] While the officer has not been at the facility since March 16, the risk of exposure to any other guard, employee or inmate remains unknown. On Thursday, March 26, 2020, ECCF confirmed that a 52-year old ICE detainee and a second guard each tested positive for COVID-19. *Id.* The

---

[1] PDF copies of the cited cases herein are attached as Exhibit A (organized in alphabetical order by defendant's last name).
[2] Eric Kiefer, "More Coronavirus at Essex County Prison," Patch.com (Mar. 26, 2020) available at https://patch.com/new-jersey/newarknj/more-coronavirus-essex-county-prison-activists-keep-outcry.

number, extent and length of those exposed to either individual has not been publicly reported.

ECCF has also updated its COVID-19 policies to restrict attorney visits to window visits. *See* Ex. B, ECCF COVID-19 Protocols. The U.S. Marshals Service is working with ECCF to implement video conferencing "so that [defendants] can continue to have their cases heard." *Id.*

**II.    18 U.S.C. § 3142(i) Release for Preparation of Defense**

Detaining Mr. Goettsche during the COVID-19 global pandemic harms his Sixth Amendment right to a speedy trial and his Fifth Amendment right to assist in his defense. Motions under 18 U.S.C. § 3142(i) are generally evaluated in the context of the necessity of the defendant in the defense preparation. *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020) (citing other past instances of temporary release for defense preparation).[3] "This extends to the current COVID-19 pandemic inasmuch as at least one court has considered the pandemic's impact on counsel's difficulties communicating with the defendant." *Id.* (citing *United States v. Stephens*, 2020 WL 129155, at *2 (S.D.N.Y. 2020)); *see also United States v. Bonafe*, 2020 WL 1467146 (S.D.N.Y. Mar. 26, 2020) (denying bail to high-ranking member of violent gang but allowing defendant to re-raise if discovery review issues go unresolved).

In this case, Mr. Goettsche's personal role in defense preparation is essential. The anticipated volume of discovery is massive, and Mr. Goettsche's involvement will ensure that the discovery review will be efficient and streamlined. His knowledge of digital currency transactions, the BitClub Network system, and the context of communications among BitClub Network employees necessitates his active and consistent participation. The new ECCF COVID-19 policy, however, now proscribes any attorney contact visit indefinitely, making it

---

[3] *See also Clark*, 2020 WL 1446895, at *4 (denying 3142(i) application of diabetic defendant because of prior finding that he is a high-risk defendant and posed a risk of harm to others).

impossible for him to review electronic discovery with a laptop at ECCF. Window visits, with minimal communication slots and no way to utilize a laptop, do not address the problem.

In addition, in the past two weeks, the government advised defense counsel that federal COVID-19 measures are limiting the government's ability to produce discovery. No revised timetable has been provided. And, as set forth in a letter to Judge Cecchi (Dkt. 53), the government has not produced any of the approximately 1.8M documents it collected during the covert phase of their investigation.[4] While COVID-19 production delays are understandable, the government should not be excused from timely providing Rule 16 discovery when it has had ample time and resources to do so. Nor should Mr. Goettsche be forced to wait in pretrial detention during a health crisis pending delayed discovery production.

An individualized assessment of Mr. Goettsche's role in defense preparation and his present inability to do so are a proper basis for temporary relief under § 3142(i). There is minimal risk of the "floodgates" potential advanced by the government because Mr. Goettsche is uniquely situated compared to other inmates. Pretrial Services has already approved a bail package that would allow Mr. Goettsche to self-quarantine with his family, to speak to defense counsel via telephone, and to securely review terabytes of discovery. *Contra Clark*, 2020 WL 1446895, at *6 (faulting defendant's bail package as insufficiently tailored). He has no criminal history, and he poses no danger to the community. *See, e.g., United States v. Steward*, 2020 WL 1468005 (S.D.N.Y. Mar. 26, 2020) (defendant had not shown appropriate bail package or any compelling reason); *United States v. Williams*, 2020 WL 1434130 (D. Md. Mar. 24, 2020) (defendant had "history of misconduct on release"); *United States v. Hamilton*, 2020 WL

---

[4] The Court should reject the government's argument that there are evidentiary "gaps" when it fails to timely produce discovery. The government's delayed production is particularly indefensible when they had four weeks, from the December 10, 2019 arrest to the January 15, 2020 initial appearance, to produce this discovery.

1323036 (E.D.N.Y. Mar. 20, 2020) (rebuttable presumption of detention and no COVID-19 at MDC); *United States v. Martin*, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (denying release because of charges and extensive criminal history).

### III.   18 U.S.C. § 3142(i) Release for Another Compelling Reason

In assessing release pursuant to 18 U.S.C. § 3142(i), this Court should also consider the risk to Mr. Goettsche's health, the current state of global travel restrictions, and the bond conditions approved by Pretrial Services in this global pandemic.

While courts have granted temporary release to defendants with particular health conditions based on CDC-guidance, medical opinion on the risks to particular age groups is still evolving.  *See In re Manrique*, 2020 WL 1307109, at *2 (N.D. Cal. Mar. 19, 2020) (granting 74-year old defendant temporary release under 3142(i) because of COVID-19 risks); *United States v. Perez*, 19-cr-00297 (S.D.N.Y. Mar. 19, 2020) (granting temporary release because of defendant's health issues).  For example, 40% of hospitalized COVID-19 patients are between 20 and 54 years old.[5]  The Court may also consider that if Mr. Goettsche required hospitalization related to COVID-19, local hospitals are already are under siege, hospital capacities are at a peak, and temporary makeshift hospitals are being constructed for an anticipated additional surge of COVID-19 patients in the coming weeks.[6]

The significant restrictions on international travel through this health crisis also weigh in favor of release.  In *Manrique*, the court recognized that Peruvian defendant was a flight risk, but

---

[5] Pal Belluck, "Younger Adults Make Up Bigger Portion of Coronavirus Hospitalizations in U.S." N.Y. Times (Mar. 26, 2020), available at https://www.nytimes.com/2020/03/18/health/coronavirus-young-people.html
[6] Spencer Kent, "Two Docs Say Hospitals Are Under Siege," NJ.com, available at https://www.nj.com/coronavirus/2020/03/it-looks-like-a-war-zone-2-docs-say-hospitals-are-under-siege-supplies-running-low.html; Nathan Layne, "New York to Build Eight Temporary Hospitals," Reuters (Mar. 27, 2020) available at https://www.reuters.com/article/us-health-coronavirus-usa-new-york/new-york-to-build-eight-temporary-hospitals-braces-for-surge-in-patients-cuomo-says-idUSKBN21E2L2.

Hon. Michael A. Hammer
March 27, 2020
Page Five

noted that "[t]his problem has to a certain extent been mitigated by the existing pandemic" because international travel is difficult, and "escape is riskier and more difficult." *Id.* The current global limitations on international travel, the bail preconditions of passport surrender by Mr. Goettsche's family, and the imminent sale of his plane (currently in the possession of the third-party buyer in New Hampshire) meaningfully reduces flight risk as well.

*****

On March 26, 2020, Attorney General William Barr acknowledged the COVID-19 threat by directing the BOP to release inmates *who have been convicted* of non-violent crimes because they would be "safer serving their sentences in home confinement rather than in BOP facilities."[7] Mr. Goettsche, a non-violent pretrial detainee entitled to his right to a Speedy Trial, should be permitted to prepare for trial in the safety of his home and away from the U.S. epicenter of COVID-19. To exclude Mr. Goettsche from similar relief would be arbitrary particularly when his continued detention under ECCF policies and the government's inexcusable delay in producing any Rule 16 discovery cripples his rights to prepare a defense.

For these reasons, Mr. Goettsche respectfully moves the Court for his temporary release under 18 U.S.C. § 3142(i) on the conditions proposed by Pretrial Services and any other conditions required by the Court.

Respectfully submitted,

Rodney Villazor, Esq.

---

[7] "U.S. Attorney General Seeks to Expand Home Confinement Option as Coronavirus Spreads in Prisons," N.Y. Times (March 26, 2020), available at https://www.nytimes.com/reuters/2020/03/26/us/26reuters-health-coronavirus-prisons.html.

Hon. Michael A. Hammer
March 27, 2020
Page Six

cc: Andrew Lourie, Esq.
     Benjamin Sauter, Esq.
     Hartley West, Esq.
     Amanda Tuminelli, Esq.
     Defense counsel of record (via ECF)
     Government counsel of record (via ECF and e-mail)
     U.S. Pretrial Services Officer Kristen McKeown (via e-mail)