UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Hon. Claire C. Cecchi |
| MATTHEW BRENT GOETTSCHE, [DEFENDANT TWO REDACTED], JOBADIAH SINCLAIR WEEKS, JOSEPH FRANK ABEL, and SILVIU CATALIN BALACI | CRIMINAL NO.: 19-cr-877-CCC |

**DEFENDANT MATTHEW BRENT GOETTSCHE'S**
**NOTICE OF OBJECTION TO SPEEDY TRIAL ACT EXCLUSION OF TIME**

Defendant Matthew Goettsche respectfully submits this notice of objection to the exclusion of time under the Speedy Trial Act pursuant to Standing Order 2020-09 (ECF No. 85) entered by Chief Judge Wolfson. For the reasons previously set forth in our prior submissions (ECF Nos. 53, 65 and 74), defendant does not consent to the Standing Order and further submits that the grounds stated for exclusion do not logically apply to pretrial detainees held solely on risk of flight grounds who have stated a willingness, as Mr. Goettsche has, to waive his rights under the Speedy Trial Act and the Constitution for any period of time he is granted pre-trial release, which would permit him to prepare adequately for trial.[1]

Further prejudicing Mr. Goettsche's speedy trial rights, Mr. Goettsche is currently being denied access to communications with counsel and discovery material, and his ability to meet with counsel to prepare for trial is significantly limited. Essex County Correctional Facility has not provided Mr. Goettsche with discovery material sent by his attorneys on USB devices on

---

[1] The defendant intends to formally appeal the Magistrate Judge's Order denying pre-trial release once defendant is able to reasonably access the discovery. The purpose of this Notice is to avoid any inadvertent waiver of defendant's right to a Speedy Trial under the Constitution.

April 21 and 24.

In addition, Essex County Correctional Facility also informed Mr. Goettsche that even if counsel provided him with blank USB drives, he would not be able to save work product so that it could be sent back to counsel, further obstructing his ability to prepare for trial.

Finally, the Facility will not give Mr. Goettsche any password-protected USB drives because the Facility wants to view what is on the USB drives.

Mr. Goettsche's ability to meet with counsel has also been significantly curtailed -- limited to 20-minute sessions and unable to share a computer screen in order to review discovery.

Mr. Goettsche has previously objected to his continued detention on the basis that he is not able to exercise his Fifth and Sixth Amendment rights while he is detained, and he reasserts those objections here. *See* ECF Nos. 36, 53, 65 and 74.

Respectfully submitted,

/s/

Benjamin J.A. Sauter
Andrew C. Lourie
Hartley West
KOBRE & KIM LLP
(212) 488-1288
benjamin.sauter@kobrekim.com
andrew.lourie@kobrekim.com
hartley.west@kobrekim.com

Rodney Villazor
SMITH VILLAZOR LLP
250 W 55th Street, 30th Floor
New York, New York 10019
(212) 377-0852
rodney.villazor@smithvillazor.com