UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Claire C. Cecchi |
| v. | |
| MATTHEW BRENT GOETTSCHE [DEFENDANT TWO] <br> JOBADIAH SINCLAIR WEEKS <br> JOSEPH FRANK ABEL <br> SILVIU CATALIN BALACI | Criminal No. 19-877 <br><br> <u>SCHEDULING ORDER</u> |

This matter having come before the Court for consideration; and the United States being represented by Craig Carpenito, United States Attorney for the District of New Jersey (by Jamie L. Hoxie, David W. Feder, Anthony P. Torntore, Assistant U.S. Attorneys, appearing (the "Government's Attorneys")); and defendant Matthew Brent Goettsche being represented by Rodney Villazor, Esq., Andrew Lourie, Esq., Hartley M.K. West, Esq., and Benjamin J.A. Sauter, Esq.; and defendant Jobadiah Sinclair Weeks being represented by Adam P. Schwartz, Esq., Andrew M. Hinkes, Esq., Michael L. Yaeger, Esq., and Simon A. Gaugush, Esq.; and defendant Joseph Frank Abel being represented by Jason J. LeBoeuf, Esq. (collectively, the "Defendants"); and the parties having conferred; and the Government having submitted the proposed scheduling order; and Defendants having agreed upon the Government's proposed scheduling order; and the Court having determined that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 4 of this Court's Standing Order for Criminal Trial Scheduling and

Discovery; and the Court having accepted the proposed schedule of the parties for the exchange of the discovery, and for good cause shown,

It is on this 21st day of May, 2020, ORDERED that:

1. The Government shall continue to provide any exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, that becomes known to the Government reasonably promptly after becoming known to the Government.

2. The Government shall continue to provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) as soon as practicable on a rolling basis, as described further below.

  a. The Government agrees that it will produce and/or make available, prior to June 15, 2020:  (1) remaining Rule 16 discoverable records that were collected during the covert phase of the Government's investigation that (i) are not records that the Government has technical difficulties in reviewing (the "Technically Difficult Records"); (ii) are not paper records that currently reside in the Government's Newark Office ("Paper Documents"); and (iii) have not been designated segregated to proceed forward with the filter review process outlined below, including materials contemplated by Rule 16(a)(1)(B).

  b. The Government will produce on a rolling basis Technically Difficult Records and Paper Records as it is reasonably able to do so.

    i. With respect to records that were produced by Apple in response to search warrants but to which the Government's Attorneys have not

been provided access due to technical difficulties, the Government agrees that it will produce non-filtered records from these returns on a rolling basis as soon as possible after these records are loaded into its review platform.

3. The parties have agreed to the following schedule for the beginning of the process to review potentially privileged material (the "Filter Schedule"):

    a. On June 1, 2020, the Government, through the Government's filter attorney (the "Filter Attorney") will provide each Defendant with a list of the search terms that have been used to segregate all potentially privileged and attorney work-product protected materials ("Potentially Privileged Materials") within the Defendants' personal electronic accounts (the "Personal Electronic Data"). On June 8, 2020, defendants will provide proposed additional search terms to the Filter Attorney. The Filter Attorney and Defendants agree that, with the exception of any terms which require resolution by the Court, the Filter Attorney will run search terms against the Personal Electronic Data and will provide each Defendant with a copy of, or with access to, Potentially Privileged Materials segregated from that Defendant's Personal Electronic Data on or before July 13, 2020.

    b. With respect to the paper records and material taken from devices seized on or about December 10, 2019 (the "December 10th Materials"), on June 8, 2020, each Defendant will provide the Filter Attorney with search terms to be applied against the December 10th Materials that are associated with that Defendant, for the purpose of segregating Potentially Privileged Materials from other data. With the exception of any terms which require

resolution by the Court, the Filter Attorney will run the search terms against the December 10th Materials and provide each Defendant with a copy of, or with access to, the Potentially Privileged Materials that are segregated from the December 10th Materials that are associated with that Defendant on or before July 13, 2020.

4. The Court will hold a scheduling conference on July 16, 2020 at 2:00 p.m. (the "Second Scheduling Conference").

5. Prior to the Second Scheduling Conference, the parties will confer on an appropriate schedule for: (1) each Defendant to provide notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3; (2) the production of Defendant's discovery required by Federal Rule of Criminal Procedure 16(b)(1)(A); (3) the resolution of disputes arising out of, and the production of materials that have gone through, the Filter Schedule; and (4) the exchange of disclosures set forth in Federal Rule of Criminal Procedure 16(a)(1)(F) (Reports of Examinations and Tests) and 16(a)(1)(G) (Expert Witnesses). Prior to the Second Scheduling Conference, the parties will provide the Court with a proposed schedule for these items and for the filing of pretrial motions.

                                                                       _____
                                                              Honorable Claire C. Cecchi
                                                              United States District Judge