UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Claire C. Cecchi |
| v. | Criminal No. 19-877 |
| MATTHEW BRENT GOETTSCHE | <u>COMPLEX CASE ORDER & ORDER FOR CONTINUANCE</u> |

This matter having come before the Court on the application of the United States, by Craig Carpenito, United States Attorney for the District of New Jersey (by Jamie L. Hoxie and Anthony P. Torntore, Assistant U.S. Attorneys, appearing); for an order granting a continuance of proceedings in the above-captioned matter; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is an unusual or complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the number of defendants, the nature of the prosecution, and the existence of novel questions of fact and law such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within 70 days.

2. As the Court has relayed in its prior complex case orders, the discovery in this case is voluminous, consisting of millions of electronic records, several different images and extractions of over 80 digital devices that have been seized, and the reconstitution and review of copies of website servers. Additionally, on November 6, 2020, Goettsche produced

1

approximately 4,300 records to the Government. Additional time is necessary to ensure that, taking into account the exercise of diligence, the parties have sufficient time to review and inspect discovery and further investigate the charges in this matter.

3.     The parties in this action are undertaking a process designed to reasonably protect the defendants' attorney-client privilege (the "Filter Process"). As a result of the Filter Process, on October 30, 2020, Goettsche asserted privilege over approximately 774 records. The Government is in the process of determining whether it will seek to challenge any of these assertions of privilege. Moreover, the Government anticipates that over 262,000 records that were previously caught in Goettsche's Filter Process will soon be released back to the prosecution team for review and production. Additional time is necessary to ensure that, taking into account the exercise of diligence, the parties have sufficient time to review and inspect these records that have been caught up in the Filter Process and the Government has sufficient time to determine whether Goettsche's privilege assertions should be challenged.

4.     The Government anticipates that expert testimony will be introduced in its case-in-chief at trial. The parties have not yet disclosed expert witnesses or a summary of the testimony, which the Government believes will be complex given the nature of the prosecution.

5.     As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A)

and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this the 12th day of November, 2020,

(1)   ORDERED that this action be, and hereby is, continued from November 15, 2020 to March 4, 2021, and it is further

(2)   ORDERED that the period from November 15, 2020 through March 4, 2021 be and hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*

_____
Honorable Claire C. Cecchi
United States District Judge