UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : STIPULATION AND ORDER OF INTERLOCUTORY SALE AND |
| Defendant. | : MODIFICATION OF POST INDICTMENT RESTRAINING ORDER |
| | : (Bitwealth Oil & Gas LLC's interest in Seeker Resources LLC) |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment ("Indictment") charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-Indictment Restraining Order ("Restraining Order") restraining Goettsche and

1

others from transferring or encumbering certain assets, as well as from taking any action that would diminish the value of the asset, including the following:

> Any and all ownership interest held in the name, on behalf or for the benefit of Matthew Brent Goettsche ... [and] Bitwealth Oil & Gas LLC ... in the assets of ... Seeker Resources LLC ("Subject Asset");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars alleging that the assets set forth in the Restraining Order, including the Subject Asset, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the United States served notice upon all person and entities believed to have an interest in the Subject Asset;

WHEREAS, the value of the Subject Asset is subject to dissipation;

WHEREAS, the United States, Goettsche, Bitwealth Oil & Gas LLC ("Bitwealth"), Seeker Resources LLC ("Seeker"), and DNO, LLC ("DNO") agree that the Subject Asset should be sold to preserve its value pending a final adjudication on the merits; and

WHEREAS, the United States, Goettsche, Bitwealth, Seeker, and DNO, have agreed that the Subject Asset is to be sold by Bitwealth to DNO before the conclusion of the forfeiture proceedings, with the net proceeds of the sale to be held as substitute res pending further order of this Court;

WHEREAS, the interlocutory sale of a depreciable forfeitable asset on consent, and with the Court's authorization, is authorized by 21 U.S.C. § 853(e)(1) and Fed. R. Crim. P. 32.2(b)(7) (incorporating the provisions of Rule

G(7)(b)(i)-(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"));

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in an asset named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Philip R. Sellinger, United States Attorney for the District of New Jersey, Joseph N. Minish, appearing; Matthew Brent Goettsche individually; Gavin Dickson individually on behalf of Bitwealth; Matthew Brent Goettsche on behalf of Bitwealth through GoBit, LLC; Robb Miller on behalf of Seeker; and Ryan Bybee on behalf of DNO (collectively, "Parties"):

1. Bitwealth and Seeker represent that the LLC Unit Investment Agreement made as of March 14, 2018 between Bitwealth and Seeker sets forth Bitwealth's interest in Seeker.

2. Bitwealth and Seeker represent that the extent of Bitwealth's interest in Seeker is 18.9873 membership units of Seeker which results in Bitwealth having a 27.5229% membership interest in Seeker.

3. Goettsche and Bitwealth agree that the 18.9873 membership units of Seeker owned by Bitwealth is the Subject Asset, as defined above, and therefore subject to the Restraining Order.

4. DNO represents it wishes to purchase all of Bitwealth's right, title, and interest in the Subject Asset.

5. Bitwealth represents that it has entered into an agreement with DNO who has offered to purchase the Subject Asset for (a) $600,000 and (b) 50% of the distributions made by Seeker to DNO with respect to the Subject Asset that represent net profits from the operations of Seeker up to a maximum of $5,400,000 for the total maximum purchase price of $6,000,000.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(g), each of the Parties agree to the interlocutory sale of the Subject Asset.

7. In furtherance of the interlocutory sale, the Parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Asset.

8. The net proceeds from the sale of the Subject Asset will include all monies realized from the sale of the Subject Asset.

9. The net proceeds realized from the sale of the Subject Asset, and any and all income or interest accrued thereon, shall be the substitute res for the Subject Asset. The net proceeds shall be transferred to the United States at the closing in accordance with directions to be provided by the United States Attorney's Office, Federal Bureau of Investigation, or United States Marshals Service. The net proceeds shall be deposited and held by the United States Marshals Service (or its designee) in the asset forfeiture fund pending further order of the Court. The Restraining Order is hereby deemed amended accordingly.

10. The substitute res shall be treated as the equivalent of the Subject Asset and all claims and defenses applicable to the Subject Asset shall apply to the substitute res. Nothing in this Stipulation shall be construed to be a waiver of any rights, claims, or interests held by Goettsche or Bitwealth in connection with the Subject Asset.

11. Should Goettsche be convicted of the charges in the Indictment, upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests in the substitute res will be addressed.

12. Seeker understands and agrees that it waives any rights to litigate further its interest in the Subject Asset and further pursue remission or mitigation of the forfeiture of the Subject Asset.

13. Each of the Parties agrees to bear its costs and attorneys' fees.

14. Goettsche and Bitwealth are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Asset.

15. The undersigned individuals signing this Stipulation and Order on behalf of Goettsche, Bitwealth, Seeker, and DNO each represent and warrant that they have full authority to execute this Stipulation and Order. The United States signatory represents that the undersigned is signing this Stipulation

and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order. The undersigned individuals further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done to enable it lawfully to enter into this Stipulation.

16. The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Asset. In either event, the United States shall promptly notify the other Parties of such action. A discretionary termination of forfeiture shall not be a basis for any award of attorneys' fees or costs.

17. The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

18. This Stipulation and Order constitutes the complete agreement between the signatories hereto and may not be amended except by written consent thereof.

19. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the sale of the Subject Asset.

**AGREED AND CONSENTED TO BY:**

United States of America:

Philip R. Sellinger
United States Attorney

By: _____   Dated: 5/9/22
    Joseph N. Minish
    Sarah Devlin
    Assistant United States Attorneys


_____   Dated: 4/25/22
Matthew Brent Goettsche
Defendant


_____   Dated:
Rodney Villazor
Counsel for defendant
Matthew Brent Goettsche


Bitwealth Holdings Oil & Gas LLC:


_____   Dated:
Gavin Dickson


Bitwealth Holdings Oil & Gas LLC:


_____   Dated: 4/25/22
By:  Matthew Brent Goettsche
     Managing Member of GoBit, LLC

7

**AGREED AND CONSENTED TO BY:**

United States of America:

Philip R. Sellinger
United States Attorney

_____   Dated:

By: Joseph N. Minish
    Sarah Devlin
    Assistant United States Attorneys

_____   Dated:

Matthew Brent Goettsche
Defendant

_____   Dated: 04/22/2022

Rodney Villazor
Counsel for defendant
Matthew Brent Goettsche

Bitwealth Holdings Oil & Gas LLC:

_____   Dated:

Gavin Dickson

Bitwealth Holdings Oil & Gas LLC:

_____   Dated:

By: Matthew Brent Goettsche
    Managing Member of GoBit, LLC

7

**AGREED AND CONSENTED TO BY:**

United States of America:

Philip R. Sellinger
United States Attorney


By:  Joseph N. Minish                                    Dated:
     Sarah Devlin
     Assistant United States Attorneys



_____                            Dated:
Matthew Brent Goettsche
Defendant



_____                            Dated:
Rodney Villazor
Counsel for defendant
Matthew Brent Goettsche


Bitwealth Holdings Oil & Gas LLC:

*Gavin Dickson* (DocuSigned)
_____                            Dated: 5/2/2022
Gavin Dickson


Bitwealth Holdings Oil & Gas LLC:


_____                            Dated:
By:  Matthew Brent Goettsche
     Managing Member of GoBit, LLC

7

Seeker Resources LLC:

*[DocuSigned by: Robb Miller, 69EE3E684A004BD...]*

By: Robb Miller
    CEO, Seeker Resources LLC

Dated: 5/5/2022

*[DocuSigned by: E1D6485CD6D34B2...]*

Brandon Johnson, Esq.
Counsel for Seeker Resources LLC

Dated: 5/5/2022

DNO, LLC:

By: Ryan Bybee
    Manager, DNO, LLC

Dated:

By: Andrew Bybee
    Manager, DNO, LLC

Dated:

*[DocuSigned by: Barry Johnson, 48D54BFE51FE474]*

Barry Johnson, Esq.
Counsel for DNO, LLC

Dated: 5/5/2022

8

<u>Seeker Resources LLC:</u>

_____   Dated:
By: Robb Miller
CEO, Seeker Resources LLC

_____   Dated:
Robert Clark, Esq.
Counsel for Seeker Resources LLC

<u>DNO, LLC:</u>

*Ryan Bybee* (DocuSigned)   Dated: 4/25/2022
By:   Ryan Bybee
      Manager, DNO, LLC

*Andrew Bybee* (DocuSigned)   Dated: 4/25/2022
By:   Andrew Bybee
      Manager, DNO, LLC

_____   Dated:
Barry Johnson, Esq.
Counsel for DNO, LLC

SO ORDERED

_____*s/Claire C. Cecchi*_____
Claire C. Cecchi, U.S.D.J.

Date:   5/16/2022

8