| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>Court Address: 1777 6th St., Boulder, CO 80306<br>303-441-3750 | ▲COURT USE ONLY▲ |
|---|---|
| IN THE MATTER OF THE MOTION OF REAL TIME RESOLUTIONS, INC. FOR AN ORDER AUTHORIZING THE PUBLIC TRUSTEE TO SELL CERTAIN REAL ESTATE UNDER A POWER OF SALE CONTAINED WITHIN A DEED OF TRUST | |
| Attorneys for Petitioner:<br>Jennifer C. Rogers, #34682<br>4100 E. Mississippi Avenue, Suite 420<br>Denver, CO 80246<br>Ph.: (877) 353-2146<br>Email: jrogers@idealawgroupllc.com | Case Number: 2022CV030666<br><br>Division: 2 |
| **NOTICE OF DEADLINE TO RESPOND**<br>**TO VERIFIED MOTION FOR ORDER AUTHORIZING A FORECLOSURE SALE**<br>**UNDER C.R.C.P. 120** | |

PLEASE TAKE NOTICE THAT THE PETITIONER HAS FILED PETITIONERS' VERIFIED MOTION FOR ORDER AUTHORIZING A FORECLOSURE SALE UNDER C.R.C.P. 120 PERTAINING TO THE PROPERTY DESCRIBED BELOW.

THE DEADLINE FOR FILING A RESPONSE TO THE MOTION IS: **OCTOBER 27, 2022, AT 11:00 A.M.**

RESPONSES MUST BE FILED WITH THE COURT LOCATED AT:

District Court of Boulder County
1777 6th St.
Boulder, CO 80306

AND SERVED UPON PETITIONER AT:

IDEA Law Group, LLC
4100 E. Mississippi Ave., Ste. 420
Denver, CO 80246

**IF NO RESPONSE IS FILED BY OCTOBER 27, 2022, AT 11:00 A.M., THE COURT**

**MAY WITHOUT ANY HEARING AUTHORIZE THE FORECLOSURE AND PUBLIC**

**TRUSTEE'S SALE WITHOUT FURTHER NOTICE.**

WHEREAS, Victoria Landerman, Grantor(s) by Deed of Trust dated April 12, 2007, recorded April 25, 2007 under Recording No. 2851521 in the records of the County of Boulder, Colorado, to secure to Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for lender, Lehman Brothers Bank, FSB, a Federal Savings Bank, its successors and assigns the payment of a Promissory Note of even date therewith for the principal sum of $35,500.00 and as provided in said Deed of Trust, conveyed to the Boulder County Public Trustee, on the terms set forth in said Note and Deed of Trust, the following described real property ("Property") situate in said County to-wit:

LOT 16, BLOCK 4, HEATHERWOOD, FILING NO. 2, COUNTY OF BOULDER, STATE OF COLORADO.

**WHICH HAS THE ADDRESS OF** 4734 Essex Court, Boulder, CO 80301

NOTICE is hereby given that Real Time Resolutions, Inc., Petitioner herein, has filed its Motion with this Court seeking an Order of this Court authorizing a Public Trustee's sale under the power of sale contained in said Deed of Trust on the grounds that the indebtedness secured by said Deed of Trust is in default in that among other events of default the current Mortgagor has failed to pay monthly installments of principal, interest, and if applicable, taxes and insurance together with applicable late charges as provided in the subject Deed of Trust and Note.

NOTICE is also given that any interested party who disputes the existence of such default under the terms of said Deed of Trust and Note secured thereby, or who otherwise disputes the existence of circumstances authorizing the exercise of the power of sale contained in said Deed of Trust, or who desires to raise such other grounds for the objection to the issuance of an Order Authorizing Sale including whether the Petitioner is the real party in interest, whether the status of any request for a loan modification agreement bars a foreclosure sale, and any other circumstances which may exist pursuant to the Servicemembers Civil Relief Act, as amended, has the right to file a response to Petitioner's Motion for Order Authorizing Sale, verified by the oath of such person, setting forth the facts upon which he relies and attaching copies of all documents which support his position. Said response must be in writing and filed with the Clerk of the District Court in and for the County of Boulder, State of Colorado, at the address set forth below, and shall be served upon the Petitioner pursuant to Rule 5(b) of the Colorado Rules of Civil Procedure at the office of IDEA Law Group, LLC, 4100 E. Mississippi Avenue, Suite 420, Denver, CO 80246, Phone: (877) 353-2146, not less than seven (7) days prior to the date set for hearing on Petitioner's Motion for Order Authorizing Sale.

**If you believe that the lender or servicer has violated the requirements for a single point of contact in section 38-38-103.1 or the prohibition on dual tracking in section 38-38-103.2, you may file a complaint with the Colorado Attorney General, the CFPB, or both, but the filing of a complaint will not stop the foreclosure process.**

**The Colorado Attorney General may be contacted at:**
Office of the Colorado Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor

Denver, CO 80203
Phone: (720) 508-6000; Email: attorney.general@state.co.us

**The CFPB may be contacted at:**
Consumer Financial Protection Bureau
P.O. Box 4503
Iowa City, IA 52244
Phone: (855) 411-2372; Fax: (855) 237-2392

If this case is not filed in the county where your property is located or a substantial part of your property is located, you have the right to ask the court to move the case to that county. If you file a response and the court sets a hearing date, your request to move the case must be filed with the court at least seven (7) days before the date of the hearing unless the request was included in your response.

DATED: September 30, 2022

Attorney for Real Time Resolutions, Inc.

*/s/ Jennifer Rogers*

Landerman / 48038592

Address of Petitioner:
1349 Empire Central Drive Suite 150
Dallas, TX 752474029

**IMPORTANT NOTICE**
THE NOTICE AND MOTION IN THIS MATTER ARE BEING FILED SIMULTANEOUSLY WITH THE MAILING OF THIS NOTICE. YOU MAY OBTAIN THE COURT'S CASE/CIVIL ACTION NUMBER BY CONTACTING THE COURT OR OUR OFFICE.

## C.R.C.P. 120

This document reflects changes received through December 9, 2019.

*CO - Colorado Local, State & Federal Court Rules > COLORADO RULES OF CIVIL PROCEDURE > CHAPTER 17 COURT PROCEEDINGS: SALES UNDER POWERS > COURT PROCEEDINGS: SALES UNDER POWERS*

## Rule 120. Orders Authorizing Foreclosure Sale Under Power in a Deed of Trust to the Public Trustee

(a)**Motion for Order Authorizing Sale.** When an order of court is desired authorizing a foreclosure sale under a power of sale contained in a deed of trust to a public trustee, any person entitled to enforce the deed of trust may file a verified motion in a district court seeking such order. The motion shall be captioned: "Verified Motion for Order Authorizing a Foreclosure Sale under C.R.C.P. 120," and shall be verified by a person with knowledge of the contents of the motion who is competent to testify regarding the facts stated in the motion.

(1)**Contents of Motion.** The motion shall include a copy of the evidence of debt, the deed of trust containing the power of sale, and any subsequent modifications of these documents. The motion shall describe the property to be sold, shall specify the facts giving rise to the default, and may include documents relevant to the claim of a default.

(A)When the property to be sold is personal property, the motion shall state the names and last known addresses, as shown by the records of the moving party, of all persons known or believed by the moving party to have an interest in such property which may be materially affected or extinguished by such sale.

(B)When the property to be sold is real property and the power of sale is contained in a deed of trust to a public trustee, the motion shall state the name and last known address, as shown by the real property records of the clerk and recorder of the county where the property or any portion thereof is located and the records of the moving party, of:

(i)the grantor of the deed of trust;

(ii)the current record owner of the property to be sold;

(iii)all persons known or believed by the moving party to be personally liable for the debt secured by the deed of trust;

(iv)those persons who appear to have an interest in such real property that is evidenced by a document recorded after the recording of the deed of trust and before the recording of the notice of election and demand for sale; and

(v)those persons whose interest in the real property may otherwise be affected by the foreclosure.

(C)In describing and giving notice to persons who appear to have acquired a record interest in real property, the address of each such person shall be the address that is given in the recorded instrument evidencing such person's interest. If such recorded instrument does not give an address or if only the county and state are given as the address of such person, no address need be stated for such person in the motion.

(2)**Setting of Response Deadline; Hearing Date.** On receipt of the motion, the clerk shall set a deadline by which any response to the motion must be filed. The deadline shall be not less than 21 nor more than 35 days after the filing of the motion. For purposes of any statutory reference to the date of a hearing under C.R.C.P. 120, the response deadline set by the clerk shall be regarded as the scheduled hearing date unless a later hearing date is set by the court pursuant to section (c)(2) below.

C.R.C.P. 120

**(b)Notice of Response Deadline; Service of Notice.** The moving party shall issue a notice stating:

(1)a description of the deed of trust containing the power of sale, the property sought to be sold at foreclosure, and the facts asserted in the motion to support the claim of a default;

(2)the right of any interested person to file and serve a response as provided in section (c), including the addresses at which such response must be filed and served and the deadline set by the clerk for filing a response;

(3)the following advisement: "If this case is not filed in the county where your property or a substantial part of your property is located, you have the right to ask the court to move the case to that county. If you file a response and the court sets a hearing date, your request to move the case must be filed with the court at least 7 days before the date of the hearing unless the request was included in your response."; and

(4)the mailing address of the moving party and, if different, the name and address of any authorized servicer for the loan secured by the deed of trust. If the moving party or authorized servicer, if different, is not authorized to modify the evidence of the debt, the notice shall state in addition the name, mailing address, and telephone number of a representative authorized to address loss mitigation requests. A copy of *C.R.C.P. 120* shall be included with or attached to the notice. The notice shall be served by the moving party not less than 14 days prior to the response deadline set by the clerk, by:

(A)mailing a true copy of the notice to each person named in the motion (other than any person for whom no address is stated) at that person's address or addresses stated in the motion;

(B)filing a copy with the clerk for posting by the clerk in the courthouse in which the motion is pending; and

(C)if the property to be sold is a residential property as defined by statute, by posting a true copy of the notice in a conspicuous place on the subject property as required by statute. Proof of mailing and delivery of the notice to the clerk for posting in the courthouse, and proof of posting of the notice on the residential property, shall be set forth in the certificate of the moving party or moving party's agent. For the purpose of this section, posting by the clerk may be electronic on the court's public website so long as the electronic address for the posting is displayed conspicuously at the courthouse.

**(c)Response Stating Objection to Motion for Order Authorizing Sale; Filing and Service.**

(1)Any interested person who disputes, on grounds within the scope of the hearing provided for in section (d), the moving party's right to an order authorizing sale may file and serve a response to the motion. The response must describe the facts the respondent relies on in objecting to the issuance of an order authorizing sale, and may include copies of documents which support the respondent's position. The response shall be filed and served not later than the response deadline set by the clerk. The response shall include contact information for the respondent including name, mailing address, telephone number, and, if applicable, an e-mail address. Service of the response on the moving party shall be made in accordance with *C.R.C.P. 5 (b)*.

(2)If a response is filed stating grounds for opposition to the motion within the scope of this Rule as provided for in section (d), the court shall set the matter for hearing at a later date. The clerk shall clear available hearing dates with the parties and counsel, if practical, and shall give notice to counsel and any self-represented parties who have appeared in the matter, in accordance with the rules applicable to e-filing, no less than 14 days prior to the new hearing date.

**(d)Scope of Issues at the Hearing; Order Authorizing Foreclosure Sale; Effect of Order.** The court shall examine the motion and any responses.

(1)If the matter is set for hearing, the scope of inquiry at the hearing shall not extend beyond

(A)the existence of a default authorizing exercise of a power of sale under the terms of the deed of trust described in the motion;

(B)consideration by the court of the requirements of the Servicemembers Civil Relief Act, *50 U.S.C. § 3931*, as amended;

(C)whether the moving party is the real party in interest; and

C.R.C.P. 120

(D)whether the status of any request for a loan modification agreement bars a foreclosure sale as a matter of law.

The court shall determine whether there is a reasonable probability that a default justifying the sale has occurred, whether an order authorizing sale is otherwise proper under the Servicemembers Civil Relief Act, whether the moving party is the real party in interest, and, if each of those matters is determined in favor of the moving party, whether evidence presented in support of defenses raised by the respondent and within the scope of the inquiry prevents the court from finding that there is a reasonable probability that the moving party is entitled to an order authorizing a foreclosure sale. The court shall grant or deny the motion in accordance with such determination. For good cause shown, the court may continue a hearing.

(2)If no response has been filed by the response deadline set by the clerk, and if the court is satisfied that venue is proper and the moving party is entitled to an order authorizing sale, the court shall forthwith enter an order authorizing sale.

(3)Any order authorizing sale shall recite the date the hearing was completed, if a hearing was held, or, if no response was filed and no hearing was held, shall recite the response deadline set by the clerk as the date a hearing was scheduled, but that no hearing occurred.

(4)An order granting or denying a motion filed under this Rule shall not constitute an appealable order or final judgment. The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any other right or remedy of the moving party.

(e) The court shall not require the appointment of an attorney to represent any interested person as a condition of granting such motion, unless it appears from the motion or other papers filed with the court that there is a reasonable probability that the interested person is in the military service.

(f)

Venue. For the purposes of this section, a consumer obligation is any obligation

(1)as to which the obligor is a natural person, and

(2)is incurred primarily for a personal, family, or household purpose.

Any proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part of the property is located. Any proceeding under this Rule that does not involve a consumer obligation or an instrument securing a consumer obligation may be brought and heard in any county. However, in any proceeding under this Rule, if a response is timely filed, and if in the response or in any other writing filed with the court, the responding party requests a change of venue to the county in which the encumbered property or a substantial part thereof is situated, the court shall order transfer of the proceeding to such county.

(g)Return of Sale. The court shall require a return of sale to be made to the court. If it appears from the return that the sale was conducted in conformity with the order authorizing the sale, the court shall enter an order approving the sale. This order is not appealable and shall not have preclusive effect in any other action or proceeding.

(h)Docket Fee. A docket fee in the amount specified by law shall be paid by the person filing the motion. Unless the court shall otherwise order, any person filing a response to the motion shall pay, at the time of the filing of such response, a docket fee in the amount specified by law for a defendant or respondent in a civil action under section 13-32-101 (1)(d), C.R.S.

# History

Source: (b), (e), and (f) amended February 7, 1991, effective June 1, 1991; (a) amended February 17, 1993, effective April 1, 1993; (a) amended and adopted, effective November 16, 1995; (c) and (d) amended and effective June 28, 2007; (d) corrected and effective November 5, 2007; (b) amended and effective January 7, 2010; (b) amended and effective October 14, 2010; (a),

C.R.C.P. 120

(b), and (c) amended and adopted December 14, 2011, effective January 1, 2012, for all cases pending on or filed on or after January 1, 2012, pursuant to *C.R.C.P. 1(b)*; entire section and comments amended December 7, 2017, effective March 1, 2018.

COLORADO COURT RULES
Copyright © 2020 by Matthew Bender & Company Inc. All rights reserved

**End of Document**

03841259      12/11/2020 03:47 PM
RF: $13.00    DF: $0.00      Page: 1 of 1
Electronically recorded in Boulder County Colorado. Recorded as received.

STATE OF Colorado _____ COUNTY OF Boulder _____ 1

## NOTICE OF LIEN ON REAL PROPERTY

**U.S. District Court Case #** U.S. v. Matthew Goettsche, 19-cr-877 (DNJ)

**Name of Applicable Party** Matthew Goettsche

1. **Information about the Property Owner:**

   Name: Victoria Landerman _____ Email Address: _____
   Street Address: 80 Rivera Court _____
   City: Erie _____ State: CO _____ Zip Code: 80516
   Phone #: _____
   Mailing Address, **if different**:
   Street Address: _____
   City: _____ State: _____ Zip Code: _____

2. **Information about the Claimant/Beneficiary:**

   Name: **Clerk of Court, United States District Court, District of Colorado**
   Street Address: **901 19th Street, Denver, Colorado 80294** _____ Phone #: **(303) 844-3433, Option 0**

3. **This lien is claimed against the real property described as and located at:**

   Property Description (e.g. "Lot 66, Block 1,..."): Lot 16, Block 4, Heatherwood Filing 2, Boulder CO _____

   Street Address: 4734 Essex Court _____
   City: Boulder _____ State: CO _____ Zip Code: 80301

4. **This lien is in the amount of $** 376,412.00 _____

5. **Information:** This lien must be recorded with the county clerk and the recorder in the county where the property is located before release of the defendant. The signature of the property owner on this Notice of Lien must be notarized. The receipt confirming the recording of the Notice of Lien must be provided to the U.S. District Court for filing in the U.S. District Court case identified above. The bond release hearing shall be scheduled **after** the receipt confirming the county's recording of the property lien has been filed.

6. I declare under penalty of perjury that the foregoing is true and correct. (See 28 U.S.C. § 1746.)

   Executed on (date): 12-1-2020 _____          *Victoria Landerman*
                                                            Signature of Property Owner

Subscribed and affirmed before me in the county of _____, State of Colorado,
this _____ day of _____, 20___.

_____          POLLY ASHLEY
(Notary's official signature)     Notary Public
                                  State of Colorado
_____          Notary ID # 19994005657
(Commission Expiration)     My Commission Expires 04-18-2022

**County Recording Stamp/Seal:**

---

[1] This form is provided as a courtesy for our defendants. Some county courthouses may require recording of their own Notice of Lien form, so it is recommended that the property owner and counsel inquire about the county's preference before using this form.

Rev. 5/21/2018

1

03914215      09/15/2021 03:38 PM
RF: $13.00    DF: $0.00      Page: 1 of 1
Electronically recorded in Boulder County Colorado. Recorded as received.

STATE OF Colorado _____ COUNTY OF Boulder _____ 1

## NOTICE OF LIEN ON REAL PROPERTY

U.S. District Court Case # U.S. v. Matthew Goettsche, 19-cr-877 (DNJ)

**Name of Applicable Party** Matthew Goettsche

1.  **Information about the Property Owner:**

    Name: Victoria Landerman _____ Email Address: _____

    Street Address: 80 Rivera Court _____

    City: Erie _____ State: CO _____ Zip Code: 80516 _____

    Phone #: _____

    <u>Mailing Address, if different</u>:

    Street Address: _____

    City: _____ State: _____ Zip Code: _____

2.  **Information about the Claimant/Beneficiary:**

    Name:  Clerk of Court, United States District Court, District of Colorado

    Street Address: **901 19th Street, Denver, Colorado 80294** _____ Phone #: **(303) 844-3433, Option 0**

3.  **This lien is claimed against the real property described as and located at:**

    Property Description (e.g. "Lot 66, Block 1,..."): Lot 16, Block 4, Heatherwood Filing 2, Boulder CO

    _____

    Street Address: 4734 Essex Court _____

    City: Boulder _____ State: CO _____ Zip Code: 80301 _____

4.  **This lien is in the amount of $** 376,412.00 _____

5.  **Information:** This lien must be recorded with the county clerk and the recorder in the county where the property is located before release of the defendant. The signature of the property owner on this Notice of Lien must be notarized. The receipt confirming the recording of the Notice of Lien must be provided to the U.S. District Court for filing in the U.S. District Court case identified above. The bond release hearing shall be scheduled **after** the receipt confirming the county's recording of the property lien has been filed.

6.  I declare under penalty of perjury that the foregoing is true and correct. (See 28 U.S.C. § 1746.)

    Executed on (date): __9/15/21__        *Victoria Landerman*

                                              Signature of Property Owner

    Subscribed and affirmed before me in the county of Denver, State of Colorado,
    this 15th day of September 2021

    _____              KRISTIN MCKINLEY
    (Notary's official signature)            NOTARY PUBLIC
                                             STATE OF COLORADO
    __8/12/24__                              NOTARY ID 20204027827
    (Commission Expiration)                  MY COMMISSION EXPIRES AUGUST 12, 2024

    **County Recording Stamp/Seal:**

----

[1] This form is provided as a courtesy for our defendants. Some county courthouses may require recording of their own Notice of Lien form, so it is recommended that the property owner and counsel inquire about the county's preference <u>before</u> using this form.

Rev. 5/21/2018

neopost¹
10/25/2022
US POSTAGE
$00.81¹²

ZIP 80294
041L11245097

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, CO 80294-3589

OFFICIAL BUSINESS

2022 NOV -1

United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

07102-3595 C035