UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : | Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : | STIPULATION AND MODIFICATION OF POST INDICTMENT RESTRAINING |
| Defendant. | : | ORDER (sale of Bitwealth Holdings LLC's interest in Opiniion, Inc.) |
| | : | |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment ("Indictment") charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-Indictment Restraining Order ("Restraining Order") restraining Goettsche and

1

others from transferring or encumbering certain assets, as well as from taking any action that would diminish the value of the asset, including the following:

> All right, title, and interest of defendant Matthew Brent Goettsche … [and] Bitwealth Holdings LLC in … Bitwealth Holdings LLC's investment in a business venture named Opiniion, LLC[1] in the amount of $750,000

(hereinafter referred to as the "Subject Asset");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars alleging that the assets set forth in the Restraining Order, including the Subject Asset, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the United States served notice upon all person and entities then believed to have an interest in the Subject Asset;

WHEREAS, on or about November ---, 2023, Goettsche; Bitwealth Holdings LLC ("Bitwealth"); and Opiniion, Inc. ("Opiniion") executed a stock redemption agreement ("Stock Redemption Agreement");

WHEREAS, the Stock Redemption Agreement requires Opiniion to pay $1,500,000.12 to Bitwealth for Bitwealth's interest in the Subject Asset;

WHEREAS, the value of the Subject Asset is subject to dissipation;

---

[1] The Restraining Order references Opiniion, LLC instead of Opiniion, Inc. which is a party to the Stock Redemption Agreement (defined below). The parties agree that the United States' use of Opiniion, LLC in the Restraining Order is meant to refer to Opiniion, Inc.

WHEREAS, the United States, Goettsche, Bitwealth, and Opiniion agree that the Stock Redemption Agreement would preserve the value of the Subject Asset pending a final adjudication on the merits;

WHEREAS, the United States, Goettsche, Bitwealth, and Opiniion have agreed that the payment for the Subject Asset made pursuant to the Stock Redemption Agreement shall be held by the United States Marshals Service as substitute res pending further order of this Court;

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in an asset named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Philip R. Sellinger, United States Attorney for the District of New Jersey, Joseph N. Minish, appearing; Goettsche individually; Goettsche on behalf of Bitwealth; and Justin Bingham on behalf of Opiniion (collectively, "Parties"):

1. On or about February 14, 2018, Bitwealth purchased 2,674,071 Series Seed Preferred Stock shares of Opiniion (Subject Asset) for $750,000.[2]

2. Bitwealth and Opiniion represent that they have entered into the Stock Redemption Agreement which requires Opiniion to pay Bitwealth $1,500,000.12 for the Subject Asset.

---

[2] On or about September 22, 2023, Opiniion corrected the number of shares purchased by Bitwealth for $750,000 to 2,673,797.

3. The $1,500,000.12 payment shall be transferred to the United States within ten days after all other conditions to closing set forth in the Stock Redemption Agreement have been satisfied or waived, and shall be transferred in accordance with directions to be provided by the United States Attorney's Office, the Federal Bureau of Investigation, or the United States Marshals Service.

4. The $1,500,000.12 payment shall be held by the United States Marshals Service as substitute res pending further order of this Court.

5. The $1,500,000.12 and any and all income or interest accrued thereon, shall be the substitute res for the Subject Asset. The Restraining Order is hereby deemed amended accordingly.

6. The substitute res shall be treated as the equivalent of the Subject Asset and all claims and defenses applicable to the Subject Asset shall apply to the substitute res. Nothing in this Stipulation shall be construed to be a waiver of any rights, claims, or interests held by Goettsche or Bitwealth in connection with the Subject Asset.

7. Should Goettsche be convicted of the charges in the Indictment, and should the Court make a finding of a nexus, upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests in the substitute res will be addressed.

8. Opiniion understands and agrees that it waives any rights to litigate further its interest in the Subject Asset and further pursue remission or mitigation of the forfeiture of the Subject Asset.

9. Each of the Parties agrees to bear its costs and attorneys' fees.

10. Goettsche and Bitwealth are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Asset.

11. The individuals signing this Stipulation and Order on behalf of Bitwealth and Opiniion each represent and warrant that they have full authority to execute this Stipulation and Order.  The United States signatory represents that the undersigned is signing this Stipulation and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order.  The undersigned individuals further represent that each of them has obtained all consents, approvals, or other acts of any kind required to be obtained or done to enable it lawfully to enter into this Stipulation and Order.

12. The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Asset.  In either event, the United States shall promptly notify the other Parties of such action.  A discretionary termination of forfeiture shall not be a basis for any award of attorneys' fees or costs.

13. The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

14. This Stipulation and Order constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

15. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the modification of the Restraining Order.

**AGREED AND CONSENTED TO BY:**

<u>For the United States:</u>

Philip R. Sellinger
United States Attorney


*s/ Joseph N. Minish*
_____                    Dated: 12-6-23
By:   Joseph N. Minish
      Sarah Devlin
      Assistant United States Attorneys


<u>For Matthew Brent Goettsche:</u>


_____                    Dated:
Matthew Brent Goettsche
Defendant


_____                    Dated:
Rodney Villazor, Esq.
Counsel for defendant
Matthew Brent Goettsche


<u>For Bitwealth Holdings LLC:</u>


_____                    Dated:
By:   Matthew Brent Goettsche
      Managing Member
      Bitwealth Holdings LLC

## AGREED AND CONSENTED TO BY:

For the United States:

Philip R. Sellinger
United States Attorney


By: _____  Dated: _____
    Joseph N. Minish
    Sarah Devlin
    Assistant United States Attorneys


For Matthew Brent Goettsche:

_____  Dated: 11/17/23
Matthew Brent Goettsche
Defendant


_____  Dated: 11/17/2023
Rodney Villazor, Esq.
Counsel for defendant
Matthew Brent Goettsche


For Bitwealth Holdings LLC:

_____  Dated: 11/17/23
By: Matthew Brent Goettsche Managing
    Member
    Bitwealth Holdings LLC

7

For Opiniion, Inc.:

_____  Dated: 11/20/23
Justin Bingham
President and Chief Executive Officer




_____  Dated:
Simeon Vance, Esq.
Counsel for Opiniion, Inc.

8

For Opiniion, Inc.:

_____    Dated:
Justin Bingham
President and Chief Executive Officer


_____    Dated: 27 NOV 2023
Simeon Vance, Esq.
Counsel for Opiniion, Inc.

## **ORDER**

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulation is SO ORDERED.

ORDERED this \_\_\_\_\_ day of _____, 2023.

_____
Hon. Claire C. Cecchi, U.S.D.J.