UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : STIPULATION AND ORDER OF INTERLOCUTORY SALE AND |
| Defendant. | : MODIFICATION OF POST INDICTMENT RESTRAINING ORDER |
| | : |
| | <u>(2054 NE 2nd Street, Deerfield Beach, Florida 33441-3824)</u> |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment ("Indictment") (ECF No. 1) charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-Indictment Restraining Order ("Restraining Order") restraining Goettsche and others from transferring or encumbering certain properties, as well as from

1

taking any action that would diminish the value of the property, including in paragraph (1)(i) the following:

> real property located at 2054 NE 2nd Street, Deerfield Beach, Florida, 33441, assessor's parcel number 48-43-05-04-0210, which is owned by Reel Men Deerfield LLC ("Subject Property");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars (ECF No. 198) alleging that the properties set forth in the Restraining Order, including the Subject Property, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the United States served notice upon all person and entities believed to have an interest in the Subject Property;

WHEREAS, on or about July 29, 2021, the United States filed a Notice of Pendency against the Subject Property to preserve its interest therein;

WHEREAS, the value of the Subject Property is subject to dissipation;

WHEREAS, the United States, Goettsche, and Reel Men Deerfield LLC ("Reel Men Deerfield"), agree that the Subject Property should be sold to preserve its value pending a final adjudication on the merits; and

WHEREAS, the United States, Goettsche, and Reel Men Deerfield have agreed that the Subject Property is to be liquidated or sold by Reel Men Deerfield before the conclusion of the forfeiture proceedings, with the net proceeds of the sale to be held as substitute res pending further order of this Court;

WHEREAS, the interlocutory sale of depreciable forfeitable property on consent, and with the Court's authorization, is authorized by 21 U.S.C. § 853(e)(1) and Fed. R. Crim. P. 32.2(b)(7) (incorporating the provisions of Rule G(7)(b)(i)-(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions);

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in property named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Philip R. Sellinger, United States Attorney for the District of New Jersey, Joseph N. Minish appearing, Goettsche, Goettsche's counsel, Rodney Villazor, Esq., and Reel Men Deerfield, by and through one of its managers and sole member Goettsche, and its counsel, Rodney Villazor, Esq. (collectively, "Parties"):

1. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(g), the United States, Goettsche, and Reel Men Deerfield each agree to the interlocutory sale of the Subject Property.

2. Reel Men Stuart represents that it has entered into a contract with a prospective non-party buyer who has offered to purchase the Subject Property for $2,495,000.00.

3. In furtherance of the interlocutory sale, the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

4. The net proceeds from the sale of the Subject Property, $2,326,240.00, will include all monies realized from the sale of the Subject Property, except for the following:

    a. title and settlement charges;

    b. any other real estate, property, transfer, association, or other recording and transfer fees; and

    c. real estate broker commissions.

5. The net proceeds realized from the sale of the Subject Property, and any and all income or interest accrued thereon, shall be the substitute res for the Subject Property. The net proceeds shall be transferred to the United States within ten days of the closing in accordance with directions to be provided by the United States Attorney's Office, the Federal Bureau of Investigation, or the United States Marshals Service. The net proceeds shall be deposited and shall be held by the United States Marshals Service (or its designee) in the Asset Forfeiture Fund pending further order of the Court. The Restraining Order is hereby deemed amended accordingly.

6. The substitute res shall be treated as the equivalent of the Subject Property and all claims and defenses applicable to the Subject Property shall apply to the substitute res. Nothing in this agreement shall be construed to be a waiver of any rights, claims or interests held by Goettsche, or Reel Men Deerfield in connection with the Subject Property.

7. Should Goettsche be convicted of the charges in the Indictment, and should the Court make a finding of a nexus, and upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a

Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1).

8. Each party agrees to bear its costs and attorneys' fees.

9. Goettsche and Reel Men Deerfield are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Property.

10. The United States will provide an original cancellation of the notice of *lis pendens* to the closing attorney or title company that is issuing title insurance policy for the purchaser of the Subject Property to hold in escrow until the sale closes in conformance with the terms and conditions set forth in this Stipulation and Order.

11. The undersigned individuals signing this Stipulation and Order on behalf of Goettsche and Reel Men Deerfield each represent and warrant that they have full authority to execute this Stipulation and Order. The United States signatory represents that the undersigned is signing this Stipulation and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order. The undersigned individuals further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable it lawfully to enter into this Stipulation.

12. The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Property. In either event, the United States shall promptly notify the other Parties of such action. A discretionary termination of forfeiture shall not be a basis for any award of attorney's fees or costs.

13. The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

14. This Stipulation and Order constitutes the complete agreement between the signatories hereto and may not be amended except by written consent thereof.

15. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the sale of the Subject Property.

**AGREED AND CONSENTED TO BY:**

For the United States:

Philip R. Sellinger
United States Attorney

By: Joseph N. Minish                              Dated: 7/30/24
Assistant United States Attorney

6

For Matthew Brent Goettsche:

_____
Matthew Brent Goettsche
Defendant

Dated: 7/30/24

_____
Rodney Villazor
Counsel for defendant Matthew Brent Goettsche

Dated: 07/30/2024

For Reel Men Deerfield LLC:

_____
Matthew Brent Goettsche
Manager and Sole Member

Dated: 7/30/24

_____
Rodney Villazor, Esq.
Counsel for Reel Men Deerfield LLC

Dated: 07/30/2024

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is SO ORDERED.

ORDERED this __23__ day of August, 2024.

_____
Hon. Claire C. Cecchi, U.S.D.J.