

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                                    973-645-2700
*Newark, New Jersey 07102*

December 30, 2025

<u>**Via ECF**</u>

Hon. Claire C. Cecchi
United States District Judge
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

        Re:    *United States v. Matthew Brent Goettsche, et al.,*
                  <u>Crim. No. 19-877</u>

Dear Judge Cecchi:

The Government writes to move for the entry of the proposed Order to Continue, attached here as Attachment A, which would exclude time pursuant to 18 U.S.C. § 3161(h)(7) through and including January 31, 2026. For the reasons explained below, the requested Order would serve the ends of justice by allowing the parties additional time to discuss and propose to this Court a mutually agreeable schedule extending through jury trial in this highly complex matter—a process that the defendant, though opposed to entry of this Order, himself acknowledges is necessary.

## <u>BACKGROUND</u>

On December 5, 2019, the defendant, Matthew Brent Goettsche, along with four other defendants, was charged via indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to offer and sell unregistered securities, in violation of 18 U.S.C. § 371. (ECF No. 1.) The indictment alleges that Goettsche orchestrated a global fraudulent scheme that operated over the Internet to induce investors to provide hundreds of millions of dollars to Goettsche and his codefendants based on false promises that the investments would be used to generate returns from cryptocurrency mining. This scheme lasted from approximately 2014 until the defendants were arrested in December 2019.

Since then, this Court has entered approximately 31 continuances, either based on a standing order regarding the COVID-19 pandemic, or with both parties' consent. The parties have used that time to discuss a potential resolution in this

case. The most recent continuance entered with both parties' consent was entered on November 25, 2025 (ECF No. 525), which excluded time through December 26, 2025.[1]

## DISCUSSION

The parties have met and conferred repeatedly since November 2025. The parties now agree that plea negotiations have failed, and that a jury trial will be required to resolve this case. Given the complexity of this case, the Government anticipates that this trial would require approximately five weeks. The Government is separately contacting court staff to inquire into this Court's availability for such a trial in summer and fall 2026.

As background, this is a highly complex case. The allegations involve events spanning more than five years' time and a large-scale fraud that used shared, fractional interests in bitcoin mining pools that were promoted by individuals all over the world to attract hundreds of millions of dollars. Those funds were sent to the defendants through an elaborate web of cryptocurrency and traditional banking accounts. The Government obtained at least 1.8 million records during its investigation through electronic accounts, with many more devices and records seized via the execution of search warrants. Several additional devices were recently decrypted after years of continued password-cracking attempts by law enforcement. In addition, law enforcement obtained a copy of the BitClub Network server that was used to commit the fraud, which in its compressed form is several terabytes in size.

Given the complexity of this case, the Government submits—and the defendant apparently agrees based on recent meet-and-confers—that certain matters will have to be addressed before jury trial in this matter can commence.

- The Government has already produced a significant amount of discovery in this case. The Government provided several dozen productions of documents with accompanying letters explaining the contents of the productions. Due to the seizure of email records and the possibility of privileged material, teams of filter AUSAs and agents also reviewed materials and released certain materials to defense counsel so that they could be reviewed for privileged content. The materials already produced constitute the majority—potentially even the totality—of the Government's current discovery obligations. Nevertheless, this Court has not yet entered an order setting a deadline for the completion of Rule 16 discovery—nor has the defendant asked this Court to do so since an order entered July 16, 2020, contemplated rolling productions of additional discovery (ECF No. 117). The Government expects to request a short amount of additional time in early 2026 to complete its Rule 16 discovery.

---

[1] An amended continuance order was entered on December 12, 2025, which corrected a typographical error. (ECF No. 543).

- The defense has represented to the Government that the defendant wants to retain the option of filing pretrial motions under Rule 12. This Court has not yet set a deadline for such motions, and for the sake of efficiency, that deadline should be set a short but reasonable time after the deadline for the Government's Rule 16 discovery.

To be clear, the Government shares the defendant's apparent view that a trial be scheduled as soon as reasonably practicable. That is why the Government remains in active discussions with defense counsel to develop a complete pretrial schedule, encompassing all pretrial matters and extending through a fixed and certain trial date, to propose for this Court's consideration. But given the complexity and posture of this case, that trial cannot occur within 70 days, despite the defendant's objection to the proposed Order.[2]

Under these circumstances, the Government respectfully submits that the most efficient course is for the Court to enter the proposed Order, which would exclude time through and including January 31, 2026. That additional time would serve the interests of justice, outweighing the interest of the public and defendant in a speedy trial, by allowing the parties to (1) obtain from court staff available dates for a five-week jury trial in summer-fall 2026 and (2), working backward from those dates, discuss and propose for this Court a complete pretrial schedule.

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

By:    Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorneys

(Attachment)

cc:    All counsel of record (via ECF)

---

[2] To be clear, the Government is unsure why the defendant is objecting to the proposed continuance at all: The defendant has represented to the Government that he is not yet making a speedy-trial demand and has even said that he may file Rule 12 motions, which would automatically exclude time under the Speedy Trial Act in any case.